**GOLD TOUCH, INC., Appellant,**

v.

**TJS LAB, INC., Appellee.**

[Cite as *Gold Touch, Inc. v. TJS Lab, Inc.* (1998), 130 Ohio App.3d 106.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 73163 and 73273.

Decided Sept. 28, 1998.

*Brent L. English,* for appellant.

*Venizelos & Martin* and *James C. Venizelos,* for appellee.

JAMES D. SWEENEY, Judge.

In these consolidated appeals, plaintiff-appellant, Gold Touch, Inc. ("GTI"), appeals from the August 7, 1997 granting of summary judgment in favor of defendant-appellee, TJS Lab, Inc. ("TJS"), in appellate case No. 73163, and the September 3, 1997 denial of GTI's motion for relief from judgment and/or reconsideration of the summary judgment ruling in appellate case No. 73273. For the reasons adduced below, we dismiss case No. 73163, and affirm case No. 73273.

A review of the record on appeal indicates that both parties are Florida corporations, with GTI's principal place of business in Berea, Ohio, and TJS's principal place of business in Orlando, Florida. The basis of the lawsuit involves GTI's attempt to be compensated for allegedly nonperforming, faulty, or inade-

quate accounting and shipping computer software provided under contract by TJS and used in GTI's business computer network. The three causes of action asserted by GTI in its refiled complaint of May 6, 1996, included fraud/misrepresentation (count one), breach of warranty of merchantability under Uniform Commercial Code Section 2–314(2)(c) (count two), and breach of warranty of fitness for a particular purpose under Uniform Commercial Code Section 2–315 (count three).

Subsequent to discovery, TJS filed its motion for summary judgment on February 3, 1997, supported by documentary evidence and an affidavit of Tom Johnson, alleging that the three causes of action were barred by application of Florida jurisprudence. GTI filed its brief in opposition to summary judgment on August 6, 1997, supported by an unauthenticated copy of TJS's software license agreement.[1] On August 7, 1997,[2] the trial court, using a half-sheet status form order, granted the motion for summary judgment without opinion or elucidation, thereby disposing of all claims.[3] On August 14, 1997, the trial court reissued the summary judgment ruling *nunc pro tunc* as of and for August 7, 1997, this time checking off the boxes on the form for disposition as "other," and "post card" and "final." The *nunc pro tunc* order caused no substantive changes to the final order and revised no legal rights or obligations which had been settled by application of the August 7, 1997 final order.

On August 25, 1997, GTI filed its motion for relief from judgment and/or reconsideration from the ruling on the motion for summary judgment on the basis of excusable neglect under Civ.R. 60(B)(1). This motion was supported by a copy of GTI's brief in opposition to summary judgment. This motion for relief/reconsideration of a final order was denied without an evidentiary hearing on September 3, 1997, without opinion or elucidation using a half-sheet status form order.

The summary judgment ruling was the subject of the notice of appeal in appellate case No. 73163, which was filed by GTI on September 11, 1997. The order appealed from in appellate case No. 73163 was the *nunc pro tunc* order of August 14, 1997 (not the true final order date of August 7, 1997).

---

1. The software license agreement required that the agreement be governed by the laws of the state of Florida.

2. Although journalized on the docket on August 7, 1997, this order form was dated by the trial court as August 5, 1997.

3. In this order, only the box marked "post card" was checked. The box marked "final" was not checked.

On October 1, 1997, GTI filed its notice of appeal in appellate case No. 73273 from the order denying relief from judgment and/or reconsideration of the final judgment.

The first, second, third, fourth and fifth assignments of error pertain to the motion for summary judgment ruling which was the subject of appellate case No. 73163, stating:

"I. The trial court erred when it granted appellee's motion for summary judgment where there were genuine issues of fact in dispute and where the appellee was not entitled to judgment as a matter of law.

"II. The trial court erred by applying Florida law to the tort of fraudulent inducement where the place of the injury was Ohio.

"III. The trial court erred by concluding that florida's so-called 'economic loss rule' barred a claim for fraudulent inducement.

"IV. The trial court erred by concluding that Florida law controlled breach of warranty claims in this case.

"V. The trial court erred by concluding that, under Florida law, the appellee conspicuously disclaimed any implied warranties with respect to computer software which it sold to appellant."

■ Final judgment in this case was clearly entered on Thursday, August 7, 1997, when the trial court ruled on the motion for summary judgment, which motion attacked all claims presented by GTI. The notice of appeal from that order had to be filed with this court within thirty days from that order. App.R. 3 and 4. Likewise, the use of the *nunc pro tunc* order in this case did not act to extend the normal thirty-day filing period for an appeal since no substantive changes were made to the final order. See *Lindle v. Inland Lakes Mgt., Inc.* (June 4, 1998), Cuyahoga App. No. 72947, unreported, 1998 WL 289377; *Soroka v. Soroka* (June 17, 1993), Cuyahoga App. No. 62739, unreported, 1993 WL 215395. This thirty-day period ended on Saturday, September 6, 1997. The due date having landed on a weekend, appellant had until the close of business on Monday, September 8, 1997, to file the notice of appeal from the final order of August 7, 1997. The filing of the notice of appeal on September 11, 1997, in appellate case No. 73163 was untimely by three days and divests this court of jurisdiction.

■ Accordingly, the notice of appeal in appellate case No. 73163 is dismissed because the court lacks jurisdiction to consider untimely appeals. *Donofrio v. Amerisure Ins. Co.* (1990), 67 Ohio App.3d 272, 586 N.E.2d 1156; *Lindle, supra; Soroka, supra.*

The remaining assignment of error, number six, pertains to the notice of appeal in appellate case No. 73273, stating:

"VI. The trial court abused its discretion and committed reversible error by denying appellant's motion for relief from judgment."

■ The motion for relief from judgment was premised on excusable neglect under Civ.R. 60(B)(1). GTI argued in the motion for relief that the GTI brief in opposition to summary judgment was filed on August 4, 1997, four days after the due date for filing the brief in opposition,[4] and that the trial court did not read or consider GTI's brief in opposition to summary judgment prior to granting summary judgment. The excusable neglect of GTI's counsel in not timely filing the brief in opposition to summary judgment was allegedly due to medical illness by GTI's counsel that delayed the filing of the brief in opposition to summary judgment. The allegation of medical illness is supported by the affidavit of attorney Brent English, GTI's counsel, attached to the motion for relief from judgment, wherein he avers that he was stricken ill with flu on Tuesday, July 29, 1997, two days *prior to* the imposed deadline for responding to the summary judgment motion, and missed work for the remainder of that week, returning to work on Monday, August 4, 1997. English's physician, Dr. Donald Anthony, also issued a letter (a copy of which was attached to the motion for relief from judgment) indicating that he had an office visit with English on August 4, 1997, and diagnosed adenovirus infection.

It must be noted before going further that GTI's brief in opposition to summary judgment was not filed on August 4, 1997, as alleged by GTI's counsel; instead, it was filed on August 6, 1997, at 2:17 p.m., one day *after* the trial court had signed the final order and one day *prior* to the journalization of the final order.

Research reveals a similar case involving the argument that the failure of a trial court to read or consider a parties' opposition brief in ruling on a pending dispositive motion, thereby calling into question whether the trial court made a mistake in its ruling on the merits of the pending motion, constitutes grounds for relief from judgment under Civ.R. 60(B)(1) and (5). That case is *Chester Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1995), 102 Ohio App.3d 404, 657 N.E.2d 348, wherein the court stated the following:

"The failure of a trial court to read or consider a brief is not an event covered by the various provisions of Civ.R. 60(B). Appellee's remedy was a direct appeal following the entry of the first judgment affirming the arbitrator's award. The

---

4. At the May 29, 1997 final pretrial conference, the court ordered that GTI file its brief in opposition to summary judgment by July 31, 1997. GTI's counsel did not seek leave of court to extend the time for filing the brief in opposition to summary judgment.

Staff Notes and case law interpreting Civ.R. 60(B) do not support its use in this type of situation. See *Carrabine v. Brown* (Aug. 13, 1993), Geauga App. No. 92–G–1736, unreported, 1993 WL 318809 (A motion for relief from judgment under Civ.R. 60(B)(1) cannot be predicated upon the argument that the trial court made a mistake in rendering its decision.)

"Thus, the true nature of the motion submitted and considered was that of a motion for reconsideration, which is not recognized under the Ohio Rules of Civil Procedure. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105. Accordingly, the common pleas court was without jurisdiction to consider the motion * * *." *Id.* at 408, 657 N.E.2d at 350–351.

Given that the facts of this case do not support the use of a Civ .R. 60(B) motion for relief from judgment or the use of a motion for reconsideration, the trial court did not err in denying those alternative motions. GTI's remedy following the final order summary judgment ruling was a timely direct appeal to this court.

The sixth assignment of error is without merit.

Appellate case No. 73163 is dismissed. Appellate case No. 73273 is affirmed.

*Judgment accordingly.*

PORTER, P.J., and MICHAEL J. CORRIGAN, J., concur.