MEMORANDUM OPINION
{¶ 1} On February 12, 2004, this court issued a judgment entry ordering Appellants, Joshua L. Badovick and Cheryl A. Badovick, to show cause why this appeal should not be dismissed as untimely pursuant to App.R. 4(A). Specifically, we noted that the trial court had issued a judgment on August 15, 2003, which appeared to be a final appealable order. No appeal was taken within thirty days from the August 15, 2003 judgment. Subsequently, on September 10, 2003, the trial court issued an additional judgment in which it amended its previous judgment by adding Civ.R. 54(B) language, that there was no just reason for delay. This language appeared to be superfluous since the August 15, 2003 judgment appeared final in all respects.
 {¶ 2} On February 25, 2004, appellants filed a memorandum in support of jurisdiction. Appellees, Alfred J. Gydosh and the Estate of Patricia J. Gydosh, filed a response on March 1, 2004.
 {¶ 3} Appellants argue that there was "significant confusion" regarding the resolution of the case which the trial court clarified by adding Civ.R. 54(B) language on September 10, 2003. Appellants ask this court to recognize this confusion and find the September 10, 2003 judgment was the first final appealable order. In appellees' response, they simply state that they do not challenge appellants' argument.
 {¶ 4} It is well established that the time requirement set forth is App.R. 4(A) is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. AdamsCty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B). Thus, if the present appeal was untimely filed, this court has no choice but to dismiss the case for lack of jurisdiction. Appellees' acquiescence to the jurisdiction of this court to hear the appeal is meaningless.
 {¶ 5} While appellants claim that there was confusion regarding the finality of the August 15, 2003 judgment, they fail to indicate which party or which claim had not been disposed of so as to warrant the necessity of Civ.R. 54(B) language. As stated in our earlier judgment, it appears that all parties and all claims had been addressed as of August 15, 2003. Appellants have failed to indicate in what manner our previous conclusion was incorrect. It is apparent that appellants were unable to point out the error in our conclusion because it was, in fact, correct.
 {¶ 6} Accordingly, we conclude that the August 15, 2003 judgment of the trial court was a final appealable order and, therefore, appellants' notice of appeal filed on October 8, 2003 was untimely.
 {¶ 7} Hence, this appeal is sua sponte dismissed pursuant to App.R. 4(A).
 {¶ 8} The appeal is dismissed.
Appeal dismissed.
Christley and Rice, JJ., concur.