JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, North Shore Auto Financing, Inc., DBA CNAC ("North Shore"), appeals from a judgment of the Cleveland Municipal Court sua sponte vacating a default judgment it entered against Nikco Valentine nearly eighteen months previously. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} North Shore filed a complaint against Valentine on September 21, 2005 for money due on a Retail Installment Contract and Security Agreement. The complaint alleged that Valentine owed North Shore $7083.64, plus interest at the statutory rate annum from August 3, 2005, and court costs.
 {¶ 3} Service of summons was issued by certified mail on September 22, 2005, and returned as "unclaimed" on October 9, 2005. The clerk reissued service of summons on October 18, 2005 by regular mail. The record contains no indication that this mailing was returned as undeliverable to the clerk's office.
 {¶ 4} Valentine did not file an answer to the complaint, and on December 13, 2005, North Shore moved for default judgment. The trial court granted North Shore's motion on April 24, 2006 for $7083.64, plus 6% per annum from August 3, 2005, and court costs.
 {¶ 5} On October 18, 2007, the court sua sponte vacated the April 24, 2006 judgment, stating: *Page 2 
 {¶ 6} "On the Court's own motion, judgment entry of April 24, 2006 is hereby vacated and set aside. Defendant is hereby granted leave to file an answer or response to the plaintiff's complaint on or before November 6, 2007."
 {¶ 7} On November 2, 2007, Valentine filed a "letter of dispute," claiming that he was responsible for the balance owed, but not for the amount claimed by North Shore.
 {¶ 8} It is from the October 18, 2007 order vacating the default judgment that North Shore appeals, raising a sole assignment of error:
 {¶ 9} "The trial court erred in sua sponte vacating the April 24, 2006 judgment against Defendant/Appellee Nikco M. Valentine."
 {¶ 10} Within this assignment, North Shore argues three issues: 1.) the trial court did not have the authority to sua sponte vacate the final judgment; 2.) the trial court abused its discretion when it sua sponte vacated a final order of judgment under Civ. R. 60(B), without affording North Shore notice and opportunity to be heard; and 3.) the trial court abused its discretion when it sua sponte vacated its final judgment under Civ. R. 60(B), without providing any basis for the ruling.
 {¶ 11} We note that there is nothing in the record to indicate that the trial court vacated its previous judgment under Civ. R. 60(B). Thus, we will only consider North Shore's first argument that the trial court did not have the authority to vacate the final default judgment. *Page 3 
 {¶ 12} As a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. Rice v. Bethel Assoc., Inc. (1987),35 Ohio App.3d 133; Hellmuth, Obata Kassabaum v. Ratner (1984),21 Ohio App.3d 104, 107; Sperry v. Hlutke (1984), 19 Ohio App.3d 156, 158. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. SeeMcCue v. Buckeye Union Ins. Co. (1979), 61 Ohio App.2d 101, 103. Since the adoption of the Civil Rules, Civ. R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. Rice, supra, at 134;Cale Products, Inc. v. Orrville Bronze Alum. Co. (1982),8 Ohio App.3d 375, 378.
 {¶ 13} It is well-settled, however, that a trial court has the inherent authority to set aside a void judgment. Deutsche Bank Trust Co.Americas v. Perlman, 162 Ohio App.3d 164, 2005-Ohio-3545, _14;Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. The authority to vacate a void judgment is not derived from Civ. R. 60(B) but rather constitutes an inherent power possessed by Ohio courts. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. A judgment is considered void "`where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process.'" Id., quoting Thomas v.Fick (June 7, 2000), 9th Dist. No. 19595, 2000 Ohio App. LEXIS 2368. *Page 4 
 {¶ 14} Pursuant to Civ. R. 55(A), a default judgment may be awarded against a party who "has failed to plead or otherwise defend as provided by these [civil] rules." If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Westmoreland v. Valley Homes Mutual Housing Corp. (1975), 42 Ohio St. 2d 291, 293-294. Thus, a default judgment rendered by a court without proper service on a party is void. The question of whether a party was properly served involves the court's personal jurisdiction to hear the case. Schrecengost v. Schnitzler (Aug. 18, 1995), 11th Dist. No. 94-T-5144, 1995 Ohio App. LEXIS 3400, at 5.
 {¶ 15} "[T]here is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." Rafalski v. Oates (1984),17 Ohio App.3d 65, 66, citing Grant v. Ivy (1980), 69 Ohio App.2d 40.
 {¶ 16} In the instant matter, it is undisputed that North Shore followed the civil rules and that the clerk of courts properly sent a copy of the complaint to Valentine via certified mail. See Civ. R. 4.1(A). Upon return of the complaint as "unclaimed," the clerk properly served Valentine via regular mail. See Civ. R. 4.6(D). Civ. R. 4.6(D) provides as follows: *Page 5 
 {¶ 17} "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."
 {¶ 18} It is further undisputed that the record here contains no indication that the ordinary mail was returned showing failure of delivery. Accordingly, North Shore complied with the civil rules and a presumption arose that service was properly completed.
 {¶ 19} Valentine did nothing to rebut that presumption. He did not make a sworn statement that he did not receive service, nor did he even argue that he did not receive service. In fact, there is no evidence in the record to indicate that Valentine did not receive service.[1] And there is nothing in the record to otherwise demonstrate that the default judgment entered against Valentine was void for any other reason.
 {¶ 20} Accordingly, we conclude that the trial court erred when it sua sponte vacated the default judgment entered against Valentine nearly eighteen months previously. North Shore's sole assignment of error is well taken. *Page 6 
 {¶ 21} The October 18, 2007 judgment of the Cleveland Municipal Court is reversed and this case remanded for further proceeding consistent with this opinion.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] We note that Valentine did not file a response brief with this court. *Page 1