DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Deborah A. Geffken, appeals an order of the Cuyahoga Falls Municipal Court that purports to amend the trial court's judgment to add a certification pursuant to Civ. R. 54(B). Because the trial court lacked jurisdiction to enter the order from which Ms. Geffken has appealed, this Court vacates that order.
 {¶ 2} Plaintiff-Appellee, Shane West, filed an action for breach of contract against Ms. Geffken on March 27, 2007. The complaint alleged that Ms. Geffken entered into a contract with Mr. West for the construction of a porch, but failed to pay the balance due. Ms. Geffken asserted counterclaims for negligence and fraud. The trial court referred the matter to a magistrate, who issued a decision on January 8, 2008, that recommended judgment in favor of Mr. West on his claim and on Ms. Geffken's counterclaims. Ms. Geffken filed objections on January 22, 2008. The trial court overruled Ms. Geffken's objections, approved and adopted the magistrate's decision, and entered judgment as follows: *Page 2 
 "The objection is overruled. The Decision of the Magistrate is adopted and approved. Judgment is granted in favor of the plaintiff in the amount of $2,500.000, plus interest at the rate of 8% per annum from the date of judgment. Judgment is awarded in favor of Plaintiff on Defendant's counterclaim. Costs to be paid by Defendant.
 "IT IS SO ORDERED."
 {¶ 3} Thirty-two days later, on May 9, 2008, Ms. Geffken filed a notice of appeal in the trial court. On May 28, 2008, this Court dismissed the appeal as untimely:
 "This is a civil case. The appellant is appealing from an order dated April 7, 2008. The notice of appeal was filed on May 9, 2008. The appellant did not attach a certified copy of the trial court docket to the notice of appeal; therefore, we presume that service of the final judgment was properly made. Because the notice of appeal was not filed in accordance with App. R. 4(A), this court does not have jurisdiction to hear the appeal."
In the meantime, however, the trial court entered an "Amended Order" on May 12, 2008. The amended order was identical to the order from which Ms. Geffken had already appealed with only two exceptions: an apparent typographical error in the discussion of the magistrate's third conclusion of law and the addition of the language "This is a final and appealable order. There is no just cause for delay." Ms. Geffken filed another notice of appeal from the amended order on June 2, 2008.
 II. {¶ 4} The parties are in agreement that this appeal is taken from the trial court's amended order dated May 12, 2008. This Court agrees that if the appeal is properly taken from that order, it was timely filed within the parameters of App. R. 4(A). As an initial matter, this Court notes that it is disturbed by the implications of this result. The trial court has appended language that purports to be pursuant to Civ. R. 54(B) to an order that was final and appealable on April 7, 2008. The question becomes whether the addition of superfluous Civ. R. 54(B) language can have the practical effect of extending the time period in which Appellant could *Page 3 
appeal the substance of the trial court's judgment. See, e.g.,Badovick v. Gydosh, 11th Dist. No. 2003-G-2536, 2004-Ohio-2311, at ¶ 4-7 (dismissing as untimely filed an appeal from an order that added Civ. R. 54(B) language to an order that was final and appealable).
 {¶ 5} Our discussion begins with the nature of the April 7, 2008, order from which Ms. Geffken appealed in the first instance. "For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and theorder does not enter a judgment on all the claims, the order must also satisfy Civ. R. 54(B) by including express language that `there is no just reason for delay.'" (Emphasis added.) Internatl. Bhd. of ElectricalWorkers, Local Union No. 8 v. Vaughan Industries, L.L.C.,116 Ohio St.3d 335, 2007-Ohio-6439, at ¶ 7, citing State ex rel. Scruggs v.Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315. Civ. R. 54(B) language is not required in every case, but only in circumstances in which "more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved," and a trial court enters "final judgment as to one or more but fewer than all of the claims or parties[.]" Civ. R. 54(B). In this case, the trial court's April 7, 2008, order entered judgment on both the claim and counterclaims, leaving nothing unresolved. The April 7, 2008, order was final and appealable at that time.
 {¶ 6} Accordingly, the trial court's authority to modify the April 7, 2008, order was circumscribed by the Ohio Rules of Civil Procedure. See, generally, Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378,380; N. Shore Auto Financing, Inc. v. Valentine, 11th Dist. No. 90686,2008-Ohio-4611, at ¶ 12. Moreover, "[a]s a general rule, a trial court has no authority to vacate or modify its final orders sua sponte."N. Shore Auto Financing at ¶ 12. Because the April 7, 2008, order was final and appealable, this is also not a situation in which the trial court *Page 4 
could amend that order nunc pro tunc. See, generally, Ferraro v. B.F.Goodrich Co., 149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 9-11.
 {¶ 7} For the forgoing reasons, this Court concludes that the trial court was without jurisdiction to amend its April 7, 2008, final and appealable order. The order from which Ms. Geffken has appealed, dated May 12, 2008, is vacated, with the effect that the parties are returned to the same position they would have been in absent that order. See, generally, State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, at ¶ 22.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 5 
 MOORE, P. J., DICKINSON, J. CONCUR. *Page 1