DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff/Appellant, John Carson, appeals the judgment of the Akron Municipal Court in his favor and against Defendant/Appellee, Gary J. Stewart. Because the trial court lacked jurisdiction to enter the order from which Carson has appealed, this Court vacates that order.
 {¶ 2} Stewart leased property from Carson located at 1138 Oxford Circle, Lakemore Ohio pursuant to a lease agreement, which is not part of the record on appeal. When Stewart failed to comply with the lease agreement, Carson sought to evict him but Stewart vacated the premises without court intervention. On February 13, 2008, Carson filed a complaint against Stewart for non-payment of rent, unpaid utilities, property damage, and administrative fees in the amount of $2,630.95 based on Stewart's failure to pay rent and for damage to the property. Stewart did not answer the complaint but both parties appeared at a hearing before the magistrate on May 6, 2008. *Page 2 
 {¶ 3} On May 21, 2008, the magistrate issued her decision, which included findings of fact and recommendations, and entered judgment in favor of Carson. On May 30, 2008, Carson filed objections to the magistrate's decision. On June 3, 2008, the trial court struck the objections because they did not comply with Civ. R. 5(D) but allowed Carson seven days, until June 10, 2008, to file objections that complied with the civil rules. Carson filed his objections on June 10, 2008, but on June 11, 2008, the trial court entered judgment adopting the magistrate's decision and dismissing the case because Carson failed to file his objections within the timeframe set forth in the June 3, 2008 order. Then, on June 20, 2008, the trial considered Carson's objections and again adopted the decision of the magistrate. Carson has appealed the trial court's June 20, 2008 order.
 {¶ 4} We initially note that if Carson's appeal was taken from the June 11, 2008 order, it was timely filed within the parameters of App. R. 4(A). Carson did not appeal the June 11, 2008 order, however.
 {¶ 5} An order must satisfy the requirements of R.C. 2505.02 to be a final, appealable order. It must be "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). Here, the trial court's June 11, 2008 order adopted the magistrate's decision, entered judgment on Carson's claims, and dismissed the case, leaving nothing unresolved. Accordingly, the June 11, 2008 order was final and appealable at that time. See West v. Geffken, 9th Dist. No. 24243, 2008-Ohio-6624, at¶ 5.
 {¶ 6} Accordingly, as in West, the trial court here was without authority to modify the June 11, 2008 order by the Ohio Rules of Civil Procedure. See Id. at ¶ 6, citing Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 380 and N. Shore Auto Financing, Inc. v.Valentine, 11th Dist. No. 90686, 2008-Ohio-4611, at ¶ 12. "As a general rule, a trial court has no authority *Page 3 
to vacate or modify its final orders sua sponte." N. Shore AutoFinancing at ¶ 12. Moreover, because the June 11, 2008 order "was final and appealable, this is also not a situation in which the trial court could amend that order nunc pro tunc." West at ¶ 6, citing Ferraro v.B.F. Goodrich Co., 149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 9-11.
 {¶ 7} Based on the foregoing, this Court concludes that the trial court was without jurisdiction to enter the June 20, 2008 order from which Carson appeals as its June 11, 2008 order was final and appealable. Accordingly, the order from which Carson has appealed, dated June 20, 2008, is vacated, with the effect that the parties are returned to the same position they would have been in absent that order. SeeWest at ¶ 7, citing State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, at ¶ 22. We further note that Carson cannot now appeal the June 11, 2008 order as such appeal would be untimely.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to Appellant.
DICKINSON, P. J., CONCURS.