DECISION AND JUDGMENT ENTRY
{¶ 1} A A Auto Sales, Inc. appeals the trial court's judgment. Because A A failed to file a notice of appeal within thirty days of the trial court's final judgment, we lack jurisdiction to consider this appeal. Therefore, we must dismiss it.
 I. FACTS {¶ 2} On July 23, 2008, Hughes filed a complaint against A A seeking $3,000 in damages arising out of an automobile transaction. On September 29, 2008, the trial court entered judgment in Hughes' favor. The court's entry reads:
 Judgment in favor of the Plaintiff in the amount of $3,000.00 plus costs and interest of 8% per annum from the date of judgment. It is so ordered.
 The Clerk shall mail a copy of this Entry to all counsel of record and to each party not in default who is not represented by counsel and note the service in the appearance docket. *Page 2 
 {¶ 3} On October 16, 2008, the trial court entered another judgment, identical to the first, except that it contained language stating that "[t]here is no just reason [for] delay."
 {¶ 4} On November 14, 2008, A A filed a notice of appeal.
 II. ASSIGNMENT OF ERROR {¶ 5} A A raises one assignment of error:
 "Appellant contends that the small claims court cannot grant a judgement against the defendant and there is there is [sic] no evidence taken as to the existence of a contract or an amount of damages for alleged breach."
 III. {¶ 6} Before we can consider the merits of A A's assignment of error, we first must determine whether we have jurisdiction to hear the appeal.
 {¶ 7} App. R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." If a party fails to file a notice of appeal within thirty days as required by App. R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review. See In re Elliot, Washington App. Nos. 03CA65 and 03CA66,2004-Ohio-2770, at ¶ 10, citing Moldovan v. Cuyahoga Cty. WelfareDept. (1986), 25 Ohio St.3d 293, 295, 496 N.E.2d 466.
 {¶ 8} Here, the trial court entered its final judgment on September 29, 2008. The clerk served both parties with notice of the judgment within three days, and the judgment disposed of the entire case and left nothing for the court's determination. The *Page 3 
court's second entry that added the "no just reason for delay" language did not extend the time for filing a notice of appeal and was superfluous.[1] See Gold Touch, Inc. v. TJS Lab, Inc. (1998),130 Ohio App.3d 106, 109, 719 N.E.2d 629 (stating that a nunc pro tunc entry does not extend the time to file a notice of appeal when no substantive changes are made to the judgment and that a nunc pro tunc entry that merely clarifies an initial judgment relates back to the time of the original judgment was entered and does not extend the time for appeal). Consequently, the time for filing a notice of appeal began on September 29, 2008. Thirty days after September 29, 2008, would have fallen on October 29, 2008. A A's November 14, 2008 notice of appeal falls outside this thirty-day timeframe and is thus untimely. Because A A did not file a timely notice of appeal, we lack jurisdiction to consider this appeal and must dismiss it.
APPEAL DISMISSED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] Because this case did not involve multiple parties or multiple claims, Civ. R. 54(B), which contains the "no just reason for delay" language, is inapplicable. *Page 1