[Cite as *I re 2009 Harley Davidson*, 2012-Ohio-2018.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

|  |  |  |
|---|---|---|
| IN RE: FORFEITURE OF A | : | |
| | : | Case No: 11CA4 |
| 2009 Harley Davidson; 1993 Ford F-150; | : | |
| 1998 Chevy Cavalier | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| | : | Filed: May 2, 2012 |

APPEARANCES:

Colleen S. Williams, Meigs County Prosecutor, and Amanda Franzmann, Meigs County Assistant Prosecutor, Pomeroy, Ohio, for Appellant, State of Ohio.

William W. Henderson, Logan, Ohio, for Appellee, Robert Russell.

Kline, J.:

{¶1} The State of Ohio appeals the judgment of the Meigs County Court of Common Pleas, which dismissed the state's complaint for forfeiture. Here, we find that the state's appeal is untimely. As a result, we must dismiss this appeal for lack of jurisdiction.

I.

{¶2} In its complaint for forfeiture, the state alleged that Victoria Sisco and Raymond Sisco used a 2009 Harley Davidson, a 1993 Ford F-150, and a 1998 Chevy Cavalier in the commission of various felonies. Robert Russell (hereinafter "Russell") claimed, however, that he owned the Harley Davidson. The state disputed Russell's

claim, and the trial court held a hearing to determine the Harley Davidson's rightful owner.

{¶3} In a January 10, 2011 entry, the trial court dismissed the state's entire complaint and ordered the release of the Harley Davidson to Russell.  Then, in a January 19, 2011 nunc pro tunc entry, the trial court added language related to the costs of the proceeding.  The state filed its notice of appeal on February 15, 2011.

{¶4} On appeal, the state asserts the following two assignments of error: I. "The trial court improperly ordered the release of the 2009 Harley Davidson to Robert K. Russell when he is not the legally titled owner of the motorcycle."  And, II. "The trial court errored [sic] when it dismissed the complaint for forfeiture of the 2009 Harley Davidson, the 1993 Ford F-150 and the 1998 Chevy Cavalier because it heard evidence only in regards to the 2009 Harley Davidson."

II.

{¶5} Initially, we must determine whether we have jurisdiction to consider the state's appeal.  More specifically, we must determine whether the state's appeal is timely.

> App.R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."  If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have

jurisdiction to entertain the appeal.  The timely filing of a

notice of appeal under this rule is a jurisdictional prerequisite

to our review.  *Hughes v. A & A Auto Sales, Inc.*, 4th Dist.

No. 08CA35, 2009-Ohio-2278, ¶ 7, quoting App.R. 4(A).

**{¶6}** Here, we will start by examining the trial court's January 10, 2011 judgment

entry, which states the following: "This Court finds the Complaint for Forfeiture not well

taken and therefore dismisses the same, the Court hereby orders the release of the

2009 Harley Davidson to Robert Russell."  Because it dismisses the state's entire

complaint, we find that the January 10, 2011 judgment entry is a final appealable order.

*See Mullins v. Grosz*, 10th Dist. No. 10AP-23, 2010-Ohio-3844, ¶ 37, fn. 1 ("The trial

court's * * * decision and judgment entry unquestionably constitutes a final appealable

order, as it dismisses appellant's complaint in its entirety.").

**{¶7}** "As a general rule, a trial court has no authority to vacate or modify its final

orders sua sponte."  *N. Shore Auto Financing, Inc. v. Valentine*, 8th Dist. No. 90686,

2008-Ohio-4611, ¶ 12.  *See also Burriss v. Burriss*, 4th Dist. Nos. 09CA21 & 10CA11,

2010-Ohio-6116, ¶ 15.  Nevertheless, on January 19, 2011, the trial court sua sponte

entered a "Nunc Pro Tunc Entry Dismissing the Complaint for Forfeiture."  The January

19, 2011 nunc pro tunc contains the same language as the January 10, 2011 entry, but

the nunc pro tunc entry adds the following language related to storage costs:  "and

orders the Meigs County Major Crimes Task Force to pay the costs of this proceeding,

including, but not limited to, the costs of storage."

**{¶8}** Because it modifies a final appealable order, we find that the January 19,

2011 nunc pro tunc entry is a nullity.  Other courts have reached the same conclusion in

similar circumstances.  For example, the trial court tried to modify a final appealable

order in *West v. Geffken*, 9th Dist. No. 24243, 2008-Ohio-6624.  But the Ninth Appellate

District held that, "[b]ecause the [earlier] order was final and appealable, this [was] not a

situation in which the trial court could amend that order nunc pro tunc."  *Id.* at ¶ 6.  *See*

*also Allstate Ins. Co. v. Witta*, 9th Dist.  No. 25738, 2011-Ohio-6068, ¶ 9-11 (discussing

how various districts have addressed this issue).  Here, the January 10, 2011 entry was

final and appealable.  Therefore, the trial court did not have the authority to modify it,

and the January 19, 2011 nunc pro tunc entry is a nullity.  ("The forfeiture statutes are

silent on th[e] issue [of storage costs]."  *Dayton Police Dept. v. Pitts*, 2d Dist. No. 23213,

2010-Ohio-1505, ¶ 8.  Therefore, a trial court is not required to address storage costs

while resolving a claim under the forfeiture statutes.  And as a result, the January 10,

2011 entry was final and appealable even though it did not address storage costs.)

{¶9} Based on the foregoing, we find that the state's appeal is untimely.  The

state filed its notice of appeal on February 15, 2011, which would have been timely if

the state was appealing from the January 19, 2011 order.  But the state may not appeal

from the January 19, 2011 order because that order is a nullity.  *See Burriss* at ¶ 17;

*West* at ¶ 4-7.  Here, the state should have filed an appeal within thirty days of the

January 10, 2011 order.  Because the state failed to do so, its appeal is untimely.

{¶10} Finally, even if we had found the January 19, 2011 entry to be a valid nunc

pro tunc entry, we would still find this appeal to be untimely.  "A nunc pro tunc order

speaks as of the date of the original judgment[] and does not extend the 30-day filing

period for an appeal."  *State v. $1885.00 in U.S. Currency*, 5th Dist. No. 2011-CA-

00036, 2011-Ohio-3038, ¶ 4, citing *Gold Touch, Inc. v. TJS Lab, Inc.*, 130 Ohio App.3d

106, 109, 719 N.E.2d 629 (8th Dist.1998). *See also Hughes*, 2009-Ohio-2278, at ¶ 8. Therefore, even if the January 19, 2011 entry were a valid nunc pro tunc entry, the state would have had to file its appeal within thirty days of the January 10, 2011 entry. Again, the state failed to do so.

{¶11} Accordingly, because the state did not file a timely notice of appeal, we lack jurisdiction to consider this appeal and must dismiss it.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**