[Cite as *Buckeye Local School Dist. v. Ohio Assn. of Pub. School Emps.*, 2012-Ohio-5810.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BUCKEYE LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION

     Appellant

     v.

OHIO ASSOCIATION OF PUBLIC
SCHOOL EMPLOYEES, LOCAL 216 et al.

     Appellees

C.A. No.     11CA0072-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     10CIV1837

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

---

MOORE, Presiding Judge.

{¶1}    Appellant, the Buckeye Local School District Board of Education, appeals an order of the Medina County Court of Common Pleas. Because the order that the Board has attempted to appeal is not final and appealable, this appeal is dismissed.

I

{¶2}    The Board terminated the employment of Larry Swaney based on allegations that his conduct on the job interfered with the working environment for other employees and that he tried to coerce another employee into supporting his version of the underlying events during an investigation. Swaney is a member of OAPSE Local 216, the union that represents nonteaching employees of the Board. Swaney grieved his termination under the provisions of the relevant collective bargaining agreement. When the grievance procedure resulted in the termination being upheld, Swaney and the Union advanced the dispute to arbitration. The arbitrator

concluded that the Board did not terminate Swaney for just cause under the collective bargaining agreement and R.C. 3319.081, sustained the grievance, and ordered Swaney to be reinstated with backpay.

{¶3} The Board filed an application in the trial court to vacate the arbitration award, and the Union moved to confirm the award. On December 20, 2010, the trial court denied the motion to vacate and granted the motion to confirm. Thirty-one days later, the Board filed a notice of appeal from that order. This Court dismissed the appeal as untimely.

{¶4} In April 2011, the Board moved the trial court for an "entry of judgment," representing that it was required by statute and necessary for the matter to be final and appealable, this Court's dismissal of the earlier untimely appeal notwithstanding. The Board provided the trial court with a proposed order that did not enter judgment on the award, but reiterated that the award was confirmed and the motion to vacate was denied. The Union opposed the motion, noting that the Board had refused to reinstate Mr. Swaney to his position and arguing that what the Board of Education sought was the opportunity to have another chance to appeal. The trial court granted the Board's motion and, on May 26, 2011, entered the following order:

> Pursuant to R.C. 2711.12 and consistent with the Court's Journal Entry of December 20, 2010, the Court hereby enters judgment confirming the July 5, 2010 arbitration award of Arbitrator Colman Lalka in favor of Defendants.

The Board appealed from that order.

II

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE BOARD'S MOTION TO VACATE ARBITRATION AWARD AND GRANTED [THE UNION'S] APPLICATION TO CONFIRM ARBITRATION AWARD.

**{¶5}** The Board's assignment of error challenges the trial court's conclusion that the arbitrator did not exceed his authority or demonstrate obvious bias in the award. The Board did not file a timely appeal from the final appealable order that confirmed the award and denied the motion to modify, however, and the Board cannot in effect extend the appeal time by appealing the May 26, 2011, order now.

**{¶6}** Under R.C. 2711.09, any party to an arbitration proceeding may file an application for confirmation of an arbitration award in the court of common pleas. Similarly, any party may move to vacate, modify, or correct an award for the reasons described in R.C. 2711.10 and 2711.11. R.C. 2711.13. Unless the award is vacated or modified, a court must grant an application to confirm the award and enter judgment "in conformity therewith." R.C. 2711.12; R.C. 2711.09. One court has summarized the process as follows:

> [T]he General Assembly * * * provided for a two-step process in the ultimate entry of an arbitration award. After conducting a limited review under R.C. 2711.10 or R.C. 2711.11, the judge must first enter an order confirming, modifying, correcting, or vacating the award, and then he or she must enter judgment "in conformity therewith" as required by R.C. 2711.12. R.C. 2711.15 also reflects this two-step process, specifically allowing an appeal to "be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." It is clear that the General Assembly intended to allow a party in an arbitration award dispute the opportunity to appeal from either (1) the order confirming, modifying, correcting, or vacating an award, or (2) from judgment on that award.

*Buyer's First Realty, Inc. v. Cleveland Area Bd. of Realtors*, 139 Ohio App.3d 772, 780 (8th Dist.2000). *See also* R.C. 2711.14(C). "A court has no discretion under R.C. 2711.09 and 2711.12 when the arbitration award is not vacated, modified, or corrected. Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment, vacate, modify, correct, or enforce the judgment." (Internal citations omitted.) *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 13, 2003-Ohio-5101, ¶ 22.

{¶7} An order that confirms, modifies, corrects, or vacates an arbitration award is appealable under R.C. 2711.15. *Buyer's First* at 780. *See also Binns v. Sterling Jewelers, Inc.*, 9th Dist. No. 24522, 2009-Ohio-3359, ¶16 (Under R.C. 2711.15 and R.C. 2505.02(B)(2), an order denying a motion to vacate an arbitration award is not final and appealable until a motion confirming the award has been granted because the appealing party has an effective remedy by means of appeal from the order confirming the arbitration award.). In this case, the trial court denied the Board's motion to vacate the award and also granted the Union's motion to confirm the award on December 20, 2010. Under R.C. 2711.15 and consistent with the holding of *Binns*, that order was final and appealable. Because the Board did not appeal within the thirty-day period described in App.R. 4(A), however, we dismissed its appeal as untimely.

{¶8} The question remains whether the trial court's May 26, 2011, order accomplished something different so as to permit the Board to appeal the denial of its motion to vacate despite the fact that it failed to perfect a timely appeal in the first place. The Board represented to the trial court that notwithstanding our dismissal of its appeal as untimely, the December 20, 2010, order was not really final and appealable. The Board also represented to the trial court that the solution that would permit the Board to appeal would be for the trial court to essentially re-enter its December 20, 2010, order using different language. Neither of these positions is correct. The December 20, 2010, order denied the motion to vacate and granted the motion to confirm the award. As explained above, that order was final and appealable without any further action by the trial court.

{¶9} In addition, "entering judgment" for purposes of R.C. Chapter 2711 is something different than what the trial court has done in this case. From the language of R.C. 2711.09 and 2711.12, it is apparent that the "judgment" contemplated by R.C. 2711.09, R.C. 2711.12, and

R.C. 2711.14 is something other than "an order confirming the award." According to R.C. 2711.14, "[t]he judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered." It is, therefore, a substantive judgment on the arbitration award that is subject to enforcement as a judgment in a civil case. *See, e.g., State ex rel Kralik v. Zwelling*, 101 Ohio St.3d 134, 2004-Ohio-301, ¶ 5 (writ of procedendo issued to compel the trial court judge to proceed on the petitioner's application to confirm and enter judgment on the arbitration award, which the Court characterized as "an application to reduce the arbitration award to judgment"); *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 100, 2003-Ohio-5101 (writ of procedendo issued to compel journalization of the arbitration award itself as a judgment on the disputed claim); *Davidson v. Bucklew*, 90 Ohio App.3d 328, 334 (11th Dist.1992) (judgment on the award is a "judgment" for purposes of awarding prejudgment interest).

{¶10}   The trial court's May 26, 2011, order restated that it denied the motion to vacate and granted the motion to confirm the award. It did not enter judgment on the award. If it had, that order would be final and appealable in its own right. *See* R.C. 2711.15 ("An appeal may be taken from * * * judgment entered upon an award."). In reality, the May 26, 2011, order is of no effect. It does not enable the Board to reach back and appeal the earlier final appealable order because the entry of an order consisting of "superfluous language" does not "have the practical effect of extending the time period in which [an] [a]ppellant could appeal the substance of the trial court's judgment." *West v. Geffken*, 9th Dist. No. 24243, 2008-Ohio-6624, ¶ 4. The May 26, 2011, order itself is also not appealable under R.C. 2711.15 and, because it merely restates the previous order, it does not affect a substantial right for purposes of R.C. 2505.02(B)(2).

{¶11} Because the May 26, 2011, order is not final and appealable, this Court does not have jurisdiction to consider this appeal, and the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶12} I disagree with the majority's interpretation of the common pleas court's journal entry. According to the majority, on May 26, 2011, the court entered an "order" that "restated that it denied the motion to vacate and granted the motion to confirm the award." It has also suggested that the common pleas court "did not enter judgment on the [arbitration] award."

According to the record, however, on May 26, 2011, the court entered a "Judgment" in which it "hereby enters judgment confirming the July 5, 2010[,] arbitration award . . . ."

{¶13} Under Section 2711.12 of the Ohio Revised Code, "[u]pon the granting of an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, the court must enter judgment in conformity therewith." There is no further indication regarding what the judgment must contain. In *Walker v. Walker*, 9th Dist. No. 12978, 1987 WL 15591 (Aug. 5, 1987), this Court recognized that a judgment generally "has certain formal requirements." *Id*. at *2. "It is signed by the judge, filed with clerk and journalized." *Id*. This Court also recognized that "the body of a judgment does not have a standard content. The nature of the case and the type of relief granted determines the language appropriate to a particular judgment. Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court. Finally, a judgment should include everything necessary to a complete understanding of its effect. Generally, it should be an independent document, which needs no other reference or support. . . . There are certain exceptions to th[at] rule. An example is where there is a statutory provision which permits a separation agreement to be incorporated into the judgment. . . . Additionally, there is support for the proposition that a judgment may be sufficiently certain if it can be made certain by reference to other papers filed in the case." *Id*. at *2.

{¶14} The "[j]udgment" entered by the common pleas court in this case was signed by the judge and entered with the clerk of courts on May 26, 2011. Although succinct, it definitively "enters judgment" "consistent with [its] Journal Entry of December 20, 2010[.]" In the December 20, 2010, journal entry, the court had confirmed an arbitrator's award that "reinstated [Larry Swaney] to his former position as mechanic with full back pay and benefits to which he would have been entitled ha[d] he remained continuously employed." By incorporating by reference its prior journal entry into its "[j]udgment," the common pleas court satisfied all of the requirements of a judgment. *Walker v. Walker*, 9th Dist. No. 12978, 1987 WL 15591, *2 (Aug. 5, 1987). It is "susceptible to further enforcement and provide[s] sufficient information to enable the parties to understand the outcome of the case." *Id.* Accordingly, it is appealable under Section 2711.15 of the Ohio Revised Code. R.C. 2711.15 (proving that "[a]n appeal may be taken . . . from judgment entered upon an [arbitration] award."). I, therefore, disagree that this Court does not have jurisdiction to consider the appeal.

APPEARANCES:

GLENN D. WAGGONER and CHRISTIAN M. WILLIAMS, Attorneys at Law, for Appellant.

IRENE KEYSE-WALKER, Attorney at Law, for Appellant.

KRISTEN E. MCKINLEY, Attorney at Law, for Appellees.