[Cite as *Nash v. Nash*, 2019-Ohio-3430.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MICHELE NASH nka HALL | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| NICHOLAS NASH | : | Case No. 19 CA 3 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
Court of Common Pleas, Case No.
14DR00439

JUDGMENT:          Dismissed

DATE OF JUDGMENT:          August 22, 2019

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

ROGER SOROKA          MATTHEW A. PETIT
JOSHUA BEDTELYON          116 Cleveland Avenue North, Ste. 808
AARON JONES          Canton, Ohio 44702
Soroka and Associates, LLC
503 South Front Street, Suite 205          PATRICK J. WILLIAMS
Columbus, Ohio 43215          300 E. 3rd Street, Suite 1
Dover, Ohio 44622

*Baldwin, J.*

{¶1}   Plaintiff-appellant Michele Nash nka Hall appeals from the December 27, 2018 Nunc Pro Tunc Entry issued by the Guernsey County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant and appellee, who were married on August 28, 2010, are the parents of Z.N. (DOB 1/18/12). On September 26, 2014, appellant filed a complaint for divorce against appellee. A Divorce Decree was filed on September 21, 2015 that incorporated the parties' Separation Agreement. A Decree of Shared Parenting also was issued on September 21, 2015. Pursuant to the Decree, which adopted the parties' Shared Parenting Plan, appellant was designated the primary residential custodian and residential parent.  The Decree provided that if either party relocated out of state or one-hundred fifty (150) miles away or more, the visitation provided for in the plan would be replaced with the trial court's standard long distance parenting schedule.

{¶3}   On August 17, 2018, appellee filed a Motion for Reallocation of Parental Rights. Appellee, in his motion, stated that appellant had moved to Pennsylvania with Z.N. on August 17, 2018 without filing a Notice of Intent to Relocate. Appellee, in his affidavit, stated that by the time he was ready to oppose relocation, appellant had moved back to Ohio and that on August 14, 2018 he was informed that appellant intended to move back to Pennsylvania.

{¶4}   A hearing on the motion was held before a Magistrate on September 25, 2018. The Magistrate, in a Decision filed on October 5, 2018, found that an out of state relocation three times on one year constituted a change in circumstances and found that it was in Z.N.'s best interest that appellee be named the residential parent.   The

Magistrate, in her Decision, stated that neither party had requested an in camera interview with Z.N. The trial court, on October 5, 2018, filed a Judgment Entry approving and adopting the Magistrate's Decision.

{¶5} Thereafter, appellant filed objections to the Magistrate's Decision and appellee filed a response to the same. Pursuant to an Entry filed on November 28, 2018, the trial court denied the objections.

{¶6} On December 27, 2018, the trial court filed a Nunc Pro Tunc Entry to correct the spelling of appellant's name and the case number in its November 28, 2018 Entry.

{¶7} On January 25, 2019, appellant appealed from the trial court's December 27, 2018 Nunc Pro Tunc Entry, raising the following assignments of error on appeal:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT A CHANGE IN CIRCUMSTANCES HAD OCCURRED."

{¶9} "II. THE TRIAL COURT ERRED WHEN IT DECLINED TO CONDUCT AN *IN CAMERA* INTERVIEW OF THE MINOR CHILD."

{¶10} For the reasons which follow, we find it unnecessary to reach the merits of appellant's assignments of error.

{¶11} The record reflects the trial court entered an order in the instant case dated November 28, 2018 in which it denied appellant's objections. On December 27, 2018 the court entered a *Nunc Pro Tunc* entry, in which it modified its November 28, 2018 Entry to correct the spelling of appellant's name and the case number. Appellant filed her Notice of Appeal on January 25, 2019.

{¶12} Appellant's Notice of Appeal was filed within thirty days of the court's December 27, 2018 *Nunc Pro Tunc* Entry but not within thirty days of the trial court's

November 28, 2018 Entry. The question presented, therefore, is whether the *nunc pro tunc* entry in the instant case extended the period within which appellant could perfect her appeal to this court.

{¶13}  A nunc pro tunc order speaks as of the date of the original judgment, and does not extend the 30–day filing period for an appeal. *Gold Touch, Inc. v. TJS Lab, Inc.*, 130 Ohio App.3d 106, 719 N.E.2d 629 (1998). Thus, a nunc pro tunc entry does not affect substantive rights, and it is not a new final order for purposes of appeal. *Perfection Stove Co. v. Scherer,* 120 Ohio St. 445, 448, 166 N.E. 376 (1929) (nunc pro tunc entry that "did not operate to deprive the defendants in error of any rights which the previous order had accorded them, nor make that order any less final, was not effective to postpone the date when the period within which an appeal is authorized to be prosecuted begins to run"); *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus ("A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken"); *Gold Touch, Inc. v. TJS Lab, Inc.,* 130 Ohio App.3d 106, 109, 719 N.E.2d 629 (8th Dist.1998) ("the use of the *nunc pro tunc* order in this case did not act to extend the normal thirty-day filing period for an appeal since no substantive changes were made to the final order").

{¶14}  The *nunc pro tunc* entry in the instant case neither created an additional right nor denied an existing right of the appellant. Nor did it make substantive changes to the trial court's November 28, 2018 Entry. Entry merely corrected clerical errors. Consequently, said *nunc pro tunc* entry does not extend the time for perfecting appellant's appeal pursuant to *Perfection Stove, supra.* Appellant's notice of appeal, therefore, was

untimely filed pursuant to App. R. 4(A) because it was not filed within thirty days of the court's November 28, 2018 Entry.

{¶15} Accordingly, appellant's appeal is dismissed for lack of jurisdiction.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.