[Cite as *L.W. v. A.B.*, 2024-Ohio-3109.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

L.W., :

    Plaintiff-Appellee, :

                            No. 113397

v. :

A.B., :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-912149

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant A.B. appeals the trial court's decision sua sponte vacating his expungement order. We affirm the trial court's decision because the

trial court's original order granting A.B.'s motion to seal court records of a civil protection order was granted in error.

**{¶2}** On October 19, 2023, the trial court orally pronounced that it granted A.B.'s motion to seal his records of a civil protection stalking order but did not issue a written journal entry. On October 24, 2023, the State opposed A.B.'s motion, and on October 25, 2023, the trial court vacated its oral pronouncement granting A.B.'s motion and stated that A.B. "failed to provide proof of unusual and exceptional circumstances," citing *Schussheim v. Schussheim*, 2013-Ohio-4529. Journal Entry No. 162770198 (Oct. 25, 2023).

**{¶3}** A.B. filed an appeal, assigning one error for our review:

> The trial court erred in sua sponte vacating its valid expungement entry.

**Law and Analysis**

**{¶4}** In A.B.'s sole assignment of error, he argues that the trial court lacked jurisdiction to vacate its own order. On October 4, 2023, A.B. filed a motion to seal court records of a civil protection order. On October 19, 2023, the trial court granted the motion and stated that the journal entry would follow. However, on October 24, 2023, the State opposed A.B.'s motion. On October 25, 2023, the trial court then vacated its original October 19 decision and denied A.B.'s motion. L.W., the victim in this case, did not file an opposition to A.B.'s motion.

**{¶5}** The trial court has the authority to sua sponte vacate its order if the order was void. *Mayfield Hts. v. N.K.*, 2010-Ohio-909, ¶ 9 (8th Dist.). If the order is voidable, then the trial court lacked jurisdiction to vacate it absent a Civ.R. 60(B) motion. We review the trial court's denial of a motion to seal a conviction for an abuse of discretion. *State v. A.K.H.*, 2023-Ohio-220, ¶ 7 (8th Dist.). An abuse of discretion occurs if the court's attitude in reaching its decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶6}** "As a general rule, a trial court has no authority to sua sponte vacate or modify its final orders." *Maxwell v. Univ. Hosps. Health Sys.*, 2016-Ohio-7401, ¶ 5 (8th Dist.), citing *Dickerson v. Cleveland Metro. Hous. Auth.*, 2011-Ohio-6437, ¶ 7 (8th Dist.), citing *N. Shore Auto Financing, Inc. v. Valentine*, 2008-Ohio-4611, ¶ 12 (8th Dist.). "A trial court may only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure." *Id.*, citing *Allstate Ins. Co. v. Witta*, 2011-Ohio-6068, ¶ 19 (9th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St. 2d 378, 380 (1981). "Other than upon a motion pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial) and Civ.R. 60(B) (motion for relief from judgment) filed by a party, a clerical error, or a void order for want of jurisdiction, 'a trial court has no authority to

vacate a final judgment.'" *Id.,* citing *N.K.* at ¶ 301; *Witta* at ¶ 8, citing *Pitts* at 380. "In a case such as this, where there was no trial, Civ.R. 60 provides the exclusive grounds in order for a court to vacate its own judgment." *Id.*, citing *Witta* at ¶ 12 and *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 122-123 (2d Dist. 1993).

{¶7} The appellee in this case did not file a Civ.R. 60(B) motion arguing that the trial court made a mistake. However, the trial court did not issue a written journal entry reflecting its decision. "It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions." *State v. Smith*, 2010-Ohio-1721, ¶ 59 (12th Dist.). *See also Schenley v. Kauth,* 160 Ohio St. 109 (1953). "Without a journal entry, a decision or finding of a court has no force or effect." *Id.*, citing *State v. Ronan*, 2007-Ohio-168, ¶ 9 (10th Dist.). *State ex rel. Marshall v. Glavas*, 2003-Ohio-857, ¶ 5 (recognizing "any oral pronouncements by [the trial court judge] were subject to revision before journalization").

{¶8} Because the trial court made an oral pronouncement and did not issue a written journal entry, its original decision granting A.B.'s expungement has no force or effect. The trial court had the authority to sua sponte vacate its original pronouncement and deny A.B.'s motion.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR