By the Court.
 

 Edward P. Scherer, a minor, was killed on September 17, 1925, in the course of his employment with the plaintiff in error. The Industrial Commission assumed jurisdiction and ordered the payment of funeral expenses by the employer, who was a self-insurer. Thereafter the parents of Edward P. Scherer, the defendants in error here-,- filed a claim, alleging a partial dependency
 
 *446
 
 upon their decedent minor son. On December 21, 1926, the Industrial Commission made the following order:
 

 “On this day this claim came before the commission, was considered and a finding of facts made as follows:
 

 “That the motion of the employer be overruled and that application of payment of compensation for partial dependency be denied for the reason that the proof indicates the applicants were not dependent upon decedent.
 

 “That the commission has no jurisdiction of the claim and no authority thereby to inquire into the extent and disability or amount of compensation claimed.
 

 “It was therefore ordered that the claim be denied.”
 

 On January 16,1927, the claimants received notice of the order of December 21, 1926.
 

 On June 6, 1927, the commission made the following order:
 

 “On this day this claim came before the commission, and a finding of facts made as follows: It appearing to the commission that its record of proceedings of December 21, 1926, reads as follows:
 

 “ ‘That the motion of the employer be overruled and that application for payment of compensation for partial dependency be denied'for the reason that the proof indicates the applicants were not dependent upon decedent.
 

 “ ‘That the Commission has no jurisdiction of the claim and no authority thereby to inquire into the extent and disability or amount of compensation claimed.
 

 
 *447
 
 “ ‘It was therefore ordered that the claim be denied.’
 

 “And it further appearing that the record of proceedings of December 21 does not show the action taken by the Commission on that date, it is therefore ordered that the record of proceedings of December 21, 1926, be corrected to read as follows:
 

 “That the motion of the employer be overruled, and that the application for payment of compensation for partial dependency be denied for the reason the proof indicates the applicants were not dependent upon decedent.”
 

 Defendants in error filed their petition in the common pleas court of Cuyahoga county April 1, 1927, 75 days after the date of the receipt of the, notice Of the final order.
 

 The only right defendants in error had to invoke the jurisdiction of the court of common pleas was under Section 1465-90, General Code, and the right there conferred was to file a petition in the common pleas court “within sixty days after receipt of notice of such action of the commission.”
 

 Upon the motion of the plaintiff in error, made before the Industrial Commission, the entry of June 6, 1927, was made by the commission to correct its order of December 21,1926, and, thereafter, on June 21,1927, the defendants in error filed a supplemental petition in the court of common pleas of Cuyahoga county, setting up the order of June 6th.
 

 On June 22, 1927, the plaintiff in error filed a demurrer to the amended and supplemental petition, on the same day filed an answer, and on the same day the cause was submitted to a jury. The jurisdiction was challenged by demurrer.
 

 
 *448
 
 Before any evidence was offered, plaintiff in error moved the court to dismiss the appeal proceedings, for the reason that the court did not have jurisdiction to hear the appeal, which motion was overruled; the court entertained jurisdiction, and a verdict was rendered for the defendants in error; judgment was entered on the verdict, which was affirmed by the Court of Appeals.
 

 There are other questions presented in this case which, in view of the conclusion reached upon the jurisdictional question, will not be considered.
 

 The order of the Industrial Commission of December 21, 1926, was a final order, and the statute of limitations within which an appeal is authorized to be prosecuted to the court of common pleas began to run from the date the defendants in error received notice of such final order, which was January 16, 1927. The entry of June 6,1927, was a
 
 nunc pro tunc
 
 entry to make the entry of the order of December 21, 1926, speak the truth, and, because it did not operate to deprive the defendants in error of any rights which the previous order had accorded them, nor make that order any less final, was not effective to postpone the date when the period within which an appeal is authorized to be prosecuted begins to run. The entry of June 6th did nothing more than eliminate from the order of December 21, 1926, a paragraph which had crept into that order by the mistake of a clerk, and which, in fact, had not been ordered by the commission.
 

 While this court will not permit a
 
 nunc pro tunc
 
 entry to so operate as to deprive a litigant of a right to appeal or prosecute error, on the other hand it-will not allow a
 
 nunc pro tunc
 
 entry to so operate as
 
 *449
 
 to extend the period within which an appeal or error proceeding may be prosecuted, unless additional rights are created or an existing right denied by such
 
 nunc pro tunc
 
 entry, or unless the appeal or error proceeding grows out of such
 
 nunc pro tunc
 
 entry, as distinguished from the original order or entry.
 

 The judgment of the lower courts will be reversed, and the appeal of the defendants in error from the order of the Industrial Commission will be dismissed.
 

 Judgment reversed and appeal dismissed.
 

 Marshall, C. J., Kinkade, ' Robinson, J ones, Matthias, Day and Allen, JJ., concur.