OPINION
Appellant Jay Miller appeals the decision of the Richland County Court of Common Pleas, which dismissed his workers compensation action. The relevant facts leading to this appeal are as follows.
On September 29, 1997, appellant filed a notice of appeal from a July 22, 1997 order of the Industrial Commission. However, prior to an adjudication of the corresponding complaint, appellant filed a notice of dismissal of the action on October 5, 1998. On October 1, 1999, appellant filed a new notice of appeal regarding the July 22, 1997 order. He filed his corresponding complaint on October 26, 1999.
On December 7, 1999, BWC filed a motion to dismiss the action for failure to file a second complaint within one year after the dismissal of the original action, pursuant to R.C.2305.19.[1] On February 2, 2000, the trial court found the complaint was untimely filed, and therefore dismissed the case with prejudice. On March 14, 2000, the trial court issued a judgment entry nunc pro tunc with identical language, except for the additional notation that "[t]his is a final order." On April 14, 2000, appellant filed his notice of appeal. He herein raises the following sole Assignment of Error:
 I. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE APPELLANT'S FILING OF A NEW NOTICE OF APPEAL FAILED TO COMPLY WITH REVISED CODE 2305.19; ERRED IN FINDING THAT APPELLANT "FAILED TO RE-FILE HIS COMPLAINT WITHIN THE TIME REQUIRED BY OHIO LAW"; AND ERRED IN DISMISSING THE CASE WITH PREJUDICE.
As an initial matter, we note that appellant has taken his appeal from a nunc pro tunc entry. A nunc pro tunc entry does not operate to extend the period within which an appeal may be prosecuted, unless additional rights are created or an existing right denied by such nunc pro tunc entry or unless the appeal grows out of such nunc pro tunc entry, as distinguished from the original order. The Perfection Stove Co. v. Scherer (1929), 120 Ohio St. 445; Endres Floral Co. v. Endres (June 24, 1996), Tuscarawas App. No. 95AP120119, unreported.
The record does not clearly reveal why the trial court issued the nunc pro tunc entry in this matter. The sole addition of the "final order" language was superfluous; as a dismissal with prejudice, the original entry clearly determined the action and prevented any future judgment for appellant. See R.C.2505.02(B)(1). See, also, Tiffin v. Board of Review (1982),3 Ohio App.3d 467. If the intent of the court was to add Civ.R. 54(B) language, it fell short by failing to include the proper wording. Thus, no additional rights were created or denied by the nunc pro tunc entry of March 14, 2000. Therefore, no apparent barrier would exist to reaching a finding that appellant failed to timely appeal this matter by allowing thirty days to elapse following the February 2, 2000 dismissal.
However, we need not pursue that avenue. Appellant still failed to timely file a notice of appeal, even assuming the "proper" dismissal entry is that of March 14, 2000. Appellant concedes in the text of his notice of appeal that he received the dismissal entry on March 16, 2000. He therefore does not benefit from the "service time" extension of App.R. 4(A), which reads:
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
As appellant's receipt of the dismissal entry was admittedly within the three-day window Civ.R. 58(B), his notice of appeal time expired on April 13, 2000. We therefore lack jurisdiction to further consider the merits of this appeal.
For the reasons stated in the foregoing opinion, the appeal of the decision of the Court of Common Pleas, Richland County, is hereby dismissed.
Wise, P.J., Edwards, J., and Milligan, V. J., concur.
[1] The cited statue reads, in part, as follows:
R.C. 2305.19 — SAVING IN CASE OF REVERSAL
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant. * * *.