OPINION
{¶ 1} Joy Brush appeals from the trial court's June 2, 2006 nunc pro tunc order changing the date that interest began to accrue on a judgment entered against appellees Norman and Audrey Hassertt.
 {¶ 2} Brush advances two assignments of error on appeal. First, she contends the trial court erred by overruling her motion for prejudgment interest. Second, she claims the trial court erred in sustaining the Hassertts' motion for an order granting relief under Civ.R. 60(A).
 {¶ 3} The record reflects that the Hassertts have an easement to use part of a driveway located on the Brushes' property. In September 2003, the Brushes informed the Hassertts that the driveway needed repaired. The Brushes then hired Booher Blacktop to do the work. On or about July 13, 2004, the Brushes paid Booher Blacktop $6,995 for work performed on the shared portion of the driveway. Pursuant to an alleged agreement between the parties, the Brushes then attempted to collect one half of that amount from the Hassertts. The Hassertts refused to pay, however, asserting that Booher Blacktop had not performed all work required by its contract with the Brushes and that Booher's work was defective.
 {¶ 4} As a result of the dispute, the Brushes filed a small-claims complaint against the Hassertts on February 2, 2005. The Hassertts subsequently had the action transferred to the civil division of the Kettering Municipal Court, where they impleaded Booher Blacktop as a third-party defendant for purposes of potential indemnification and contribution. Thereafter, the Brushes filed an amended complaint in which they requested payment from the Hassertts and prejudgment interest from July 2004, which was when the Brushes had paid Booher. *Page 3 
 {¶ 5} The matter proceeded to trial in October and December 2005. Based on the evidence presented, a magistrate filed a March 16, 2006 decision finding that the driveway repairs were necessary, that Booher Blacktop had performed adequately, that the Hassertts owed the Brushes $3,497.50 for their share of the cost, and that the Hassertts had no viable indemnification or contribution claim against Booher. The magistrate's decision did not address prejudgment interest.
 {¶ 6} Thereafter, the Hassertts filed timely objections to the magistrate's decision regarding the indemnification and contribution issue. Within the time for filing objections, the Brushes also filed a March 30, 2006 motion pointing out the magistrate's failure to address the issue of prejudgment interest and again requesting interest from July 13, 2004.[1] The trial court overruled the Hassertts' objections and denied the Brushes' motion in an April 5, 2006 decision and final judgment entry. In relevant part, the trial court stated:
 {¶ 7} "* * * [T]he Court adopts the Magistrate's Decision and grants judgment to Plaintiffs, Joy Brush, et al., and against Defendants, Norman Hassertt, et al., in the amount of $3,497.50, with interest atthe rate of 05% from February 02, 2005 and costs. Plaintiffs' Requestfor Prejudgment Interest, filed March 30, 2006, is overruled." (Emphasis added).
 {¶ 8} The Brushes did not appeal or cross appeal from the trial court's April 5, 2006 decision and final judgment entry. The Hassertts, however, did file a timely appeal. *Page 4 
While their appeal was pending, they sought leave in this court to request Civ.R. 60(A) relief in the trial court. The basis for the request was that the trial court had intended to award only postjudgment interest but had used the wrong accrual date, February 2, 2005, rather than April 5, 2006. We granted the Hassertts leave to seek the requested relief. They then filed their Civ.R. 60(A) motion, arguing that the trial court inadvertently had ordered the payment of prejudgment interest while denying the Brushes' motion for the same. The trial court sustained the motion on June 2, 2006, with a nunc pro tunc entry modifying its final judgment "to calculate interest at a rate of 5.0% per annum, on a principal amount of $3,497.50, from April 5, 2006." The effect of the ruling was to award the Brushes only post-judgment interest. This timely appeal from the trial court's Civ.R. 60(A) ruling followed.[2]
 {¶ 9} Although Joy Brush has appealed from the trial court's June 2, 2006 nunc pro tunc entry granting the Hassertts Civ.R. 60(A) relief, her first assignment of error does not involve that ruling. The trial court's nunc pro tunc entry changed the date of its interest award from February 2, 2005 (the date that the Brushes filed their complaint) to April 5, 2006 (the date of the trial court's decision and final judgment entry). In her first assignment of error, however, Brush contends the trial court erred in its April 5, 2006 decision and final judgment entry when it denied her request for prejudgment interest from July 13, 2004 (the date the Brushes paid Booher Blacktop).
 {¶ 10} Because the Brushes did not appeal or cross appeal from the trial court's *Page 5 
April 5, 2006 decision and final judgment entry,[3] we must determine, as a threshold matter, whether Joy Brush's appeal from the subsequent Civ.R. 60(A) entry allows her to raise matters related to the former ruling. The Ohio Supreme Court and the United States Supreme Court have recognized that a trial court's revision of a prior final judgment does not extend the time for appeal unless the appeal involves the new entry or the amended judgment changes matters of substance by creating new rights, denying existing rights, or resolving some genuine ambiguity. See Perfection Stove Co. v. Scherer (1929), 120 Ohio St. 445, 448-449;Federal Trade Comm. v. Minneapolis-Honeywell Regulator Co. (1952),344 U.S. 206, 211-212.
 {¶ 11} In the present case, the trial court's Civ.R. 60(A) nunc pro tunc entry purported to correct a clerical mistake or oversight by changing the accrual date for interest on the Brushes' judgment. Insofar as this modification deprived the Brushes of interest inadvertently awarded in the trial court's April 5, 2006 decision and final judgment entry, the modification denied them an existing right, i.e., the right to some prejudgment interest. Therefore, Joy Brush is entitled to appeal from the trial court's June 2, 2006 nunc pro tunc ruling, and she has done so.
 {¶ 12} An issue remains, however, concerning what she may raise on appeal. When a trial court alters or corrects a final judgment, such modification does not automatically reopen for appellate review all issues resolved in the original judgment. *Page 6 
The United States Sixth Circuit Court of Appeals addressed this question in some detail in Cuyahoga Valley Ry. Co. v. Tracy (C.A. 6, 1993),6 F.3d 389. At issue there was the State's obligation to repay railroad companies an excise tax with prejudgment interest. The trial court resolved the matter against the State in an August 1991 order. The trial court subsequently filed an April 1992 order that modified some aspects of its August 1991 ruling but not the repayment and interest issues. The State timely appealed from the April 1992 ruling and attempted to raise the issue of its obligation to repay the railroads with interest. The Sixth Circuit rejected the State's attempt, reasoning as follows:
 {¶ 13} "Ohio contends that it has not waived the right to appeal this issue, even though (1) the court made its order regarding the advance payments in August 1991 and (2) the state has filed a timely appeal only from the April 1992 order, which made no mention of the interest payments. Its argument, essentially, is that since the April order modified certain aspects of the August order, every item in the August order is now properly subject to appeal.
 {¶ 14} "* * *
 {¶ 15} "In support of its argument, Ohio quotes Federal TradeCommission v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), perhaps the definitive case relating to a district court's modification of orders, and the resulting effect on the time for appeal:
 {¶ 16} "`Only when the lower court changes matters of substance . . . should the period within which an appeal must be taken . . . begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has distributed or *Page 7 
revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.'
 {¶ 17} "* * * Ohio suggests that this language means that in all cases in which a second order substantively changes a first order, the time for appeal should begin to run anew as to all aspects of that first order.
 {¶ 18} "The state of Ohio may very well be correct that the April order presents a substantive modification to the August order, and also in its assertion that the period for appeal should be deemed to run anew. But its accuracy on this score, vel non, is immaterial, because the order to repay the advance payments plus prejudgment interest was not altered one whit by the second order[.] * * * The relevant case law in no way suggests that once one issue has been modified, all of the issues from the original order are fair game for appeal. Instead, it is quite clear that by failing to appeal from the August order, the state waived its right to argue the issue of the interest payments, and accepted the August order as final. * * * The court's later modification of the August order, which was wholly independent of the issue the state is disputing, should not alter the state of repose." Id. at 394-395.
 {¶ 19} The Sixth Circuit's analysis in Tracy is consistent with other federal and state jurisprudence. See, e.g., Buggs v. Elgin, Joliet Eastern Ry. Co. (C.A. 7, 1988), 852 F.2d 318, 323-324 (holding that the trial court's amendment of a judgment under Fed.R.Civ.P. 60(b) to include an award of fringe benefits did not reopen the entire original judgment for appeal); Consarc Corp. v. Iraqi Ministry (C.A.D.C. 1994),27 F.3d 695, 700 ("A later order that revises an earlier one only in part preserves the finality of the unrevised portions."); Harman v.Harper (C.A. 9, 1993), 7 F.3d 1455, 1457-1458 *Page 8 
(recognizing that a party cannot use an appeal from a grant of Civ.R. 60 relief to attack portions of the underlying judgment that were not affected by the Civ.R. 60 ruling); Bridge v. U.S. Parole Comm. (C.A. 3, 1992), 981 F.2d 97, 102 ("If a second judgment revises the litigants' legal rights or plainly resolves an ambiguity that had not been clearly settled, however, then an appeal from the second judgment may challenge any issues resolved or clarified by the second judgment."); Morrell v.Edwards (Nev. 1982), 640 P.2d 1322, 1324 ("Here the amendment was directed solely at striking out the award of costs. It did not affect the legal rights and obligations of the parties as they related to the contract, which is the substance of the original judgment and the subject matter of this appeal. Consequently, the amendment has no significance in determining the timeliness of the appeal.");Minneapolis-Honeywell Regulator Co., 344 U.S. at 213 (observing that statutes governing the timeliness of appeals "are not to be applied so as to permit a tolling of their time limitations because some event occurred in the lower court after judgment was rendered which is of no import to the matters to be dealt with on review.").
 {¶ 20} Having reviewed the foregoing authorities, we discern no reason why the Tracy court's analysis should not be equally applicable to the trial court's alteration of its April 5, 2006, final judgment entry under Civ.R. 60(A) and to Joy Brush's time for appealing under App.R. 4. Although most of the cases cited above involved Fed.R.Civ.P. 60 and Fed.R.App.P. 4, we find nothing unique about those provisions that would preclude an analogy to Ohio's version of the same rules.[4] *Page 9 
 {¶ 21} Based on the reasoning and authority set forth above, we conclude that Joy Brush's appeal from the trial court's Civ.R. 60(A) nunc pro tunc ruling does not allow her to challenge the trial court's determination, in its original judgment entry, that she was not entitled to prejudgment interest commencing on July 13, 2004 (the date the Brushes paid Booher Blacktop). If Brush wanted to raise that issue, she should have appealed from the trial court's April 5, 2006 entry of final judgment. Brush instead has appealed from the trial court's ruling on the Civ.R. 60(A) motion, the sole purpose of which was to correct a clerical mistake or oversight in the final judgment. Consequently, our review is limited to the issue raised by the Civ.R. 60(A) motion, namely whether the trial court properly changed the date of its interest award from February 2, 2005 (the date that the Brushes filed their complaint) to April 5, 2006 (the date of the trial court's decision and final judgment entry). Accordingly, we hereby overrule the first assignment of error.
 {¶ 22} In her second assignment of error, Brush claims the trial court erred in sustaining the Hassertts' Civ.R. 60(A) motion for a nunc pro tunc order changing the accrual date for interest on the judgment. According to Brush, the record does not support a finding that the trial court's original award of interest from February 2, 2005 was the result of a clerical mistake, oversight, or omission. Therefore, she contends the *Page 10 
trial court lacked authority under Civ.R. 60(A) to change the interest accrual date to April 5, 2006.
 {¶ 23} Upon review, we find the foregoing argument to be without merit. As Brush properly notes, Civ.R. 60(A) authorizes a trial court to correct errors in judgments and orders arising from clerical mistakes, oversight, or omission.[5] The issue here is whether the trial court's initial selection of February 2, 2005, as the interest accrual date was a clerical mistake or oversight. The Hassertts argue that the trial court's use of this date must have been a clerical mistake or oversight because, in the same ruling, it denied the Brushes' motion for prejudgment interest. Therefore, the Hassertts argue that the trial court plainly meant for interest to run only from April 5, 2006, which was the date of its decision and final judgment entry.
 {¶ 24} Although we disagree with the Hassertts' reasoning, we nevertheless reject Joy Brush's argument that the trial court erred in sustaining the Civ.R. 60(A) motion. The trial court's original choice of February 2, 2005 as the interest accrual date was not necessarily inconsistent with its denial of the Brushes' motion for prejudgment interest. The motion requested interest from July 13, 2004, the date that the Brushes had paid Booher Blacktop. But the trial court could have declined to award prejudgment interest from that date, denied the Brushes' motion, and awarded prejudgment interest *Page 11 
from a different date, namely February 2, 2005. On the other hand, it is possible that the trial court intended its denial of the Brushes' motion to constitute a denial of any prejudgment interest, that its citation to February 2, 2005 in its decision and final judgment entry was a clerical mistake or oversight, and that it actually meant to award interest only from April 5, 2006, the date of its ruling.
 {¶ 25} Because a trial court is in the best position to know what it actually meant, we give considerable deference to its ruling on a Civ.R. 60(A) motion and will not reverse absent an abuse of discretion.Hamlin v. Hamlin (Feb. 12, 1993), Darke App. No. 1312; Bobb ForestProducts, Inc. v. Morbark Indus., Inc., 151 Ohio App.3d 63, 77,2002-Ohio-5370.
 {¶ 26} "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.'" Bobb Forest Products,151 Ohio App.3d at 77, quoting Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247. InNational Union Fire Ins. Co. of Pittsburgh v. Hall (Nov. 25, 1998), Montgomery App. Nos. 17057, 17224, we upheld a trial court's use of Civ.R. 60(A) to modify the date from which interest on a judgment would be calculated. In so doing, we found nothing to indicate that the date originally used by the trial court was the result of "a conscious choice" rather than a clerical error. See also Hamlin, supra (citing with approval Blanton v. Anzalone (C.A. 9, 1987), 813 F.2d 1574, wherein the Ninth Circuit Court of Appeals held that a trial court *Page 12 
properly used Fed.R.Civ.P. 60(A) to delete an award of prejudgment interest).
 {¶ 27} In the present case, the trial court certainly was best situated to know whether its initial award of interest from February 2, 2005, as opposed to April 5, 2006, was a deliberate choice or whether it resulted from a clerical mistake or oversight. Because its reference to the February 2, 2005 date very well may have been a clerical mistake or oversight, we cannot say the trial court abused is discretion or exceeded its authority under Civ.R. 60(A) by changing the date to April 5, 2006.[6]
 {¶ 28} In reaching the foregoing conclusion, we reject the appellant's argument that the trial court's date change constituted an impermissible "substantive" modification because it resulted in the loss of more than a year's worth of interest. The modification of a judgment under Civ.R. 60(A) cannot be characterized as substantive merely because of its effect on a party. Bobb Forest Products, 151 Ohio App.3d at 77. "`We can easily envision a simple scrivener's error in which, for example, an eight is *Page 13 
transposed for a nine, resulting in an order that provides that payments are to increase effective 1895 instead of 1995. Is the trial court prevented from correcting this error pursuant to Civ.R. 60(A) because such correction would result in one party's loss of one hundred years worth of payments? We think not. It is the nature of the correction, rather than the effect of the correction[,] which must be examined.'" Id., quoting Foster v. Foster (Sept. 23, 1997), Washington App. No. 96CA1767.
 {¶ 29} Based on the reasoning set forth above, we believe the trial court acted within its discretion under Civ.R. 60(A) in changing the interest accrual date. The fact that the Brushes lost interest as a result fails to persuade us that an impermissible substantive change occurred. Accordingly, we overrule the second assignment of error and affirm the judgment of the Kettering Municipal Court.
Judgment affirmed.
[1] We note that the Brushes' motion contained a typographical error insofar as it requested prejudgment interest from July 13,2005. It is undisputed that the Brushes actually paid Booher on or about July 13, 2004, and that is the date from which they sought interest.
[2] The Hassertts' direct appeal from the trial court's April 5, 2006 decision and final judgment entry overruling their objections and adopting the magistrate's decision remains pending separately inBrush v. Hassertt, Montgomery App. No. CA 21608.
[3] In her reply brief, Joy Brush asserts that she mistakenly filed an "appeal" in the related case of Brush v. Hassertt, Montgomery App. No. CA 21608. Having reviewed the record in that case, we see no appeal or cross appeal by Brush. To the contrary, it appears that she inadvertently filed her appellant's brief under that case number before recognizing the error and refiling it here.
[4] Several Ohio cases have cited Perfection Stove Co. v. Scherer
(1929), 120 Ohio St. 445, and/or Federal Trade Comm. v.Minneapolis-Honeywell Regulator Co.(1952), 344 U.S. 206, for the proposition that a nunc pro tunc order does not extend the time for appeal unless the order creates additional rights or denies an existing right. See, e.g., Wilner v. State Farm Mut. Auto. Ins. Co. (Feb. 13, 1997), Cuyahoga App. No. 70720; Moeller v. Moeller (Nov. 13, 2001), Clermont App. No. CA2001-05-049; Morris v. Conant (Oct. 21, 1988), Lake App. No. 12-270. Unfortunately, none of the Ohio cases examine the narrow issue before us, namely the scope of appellate review available when a nunc pro tunc ruling does deny an existing right.
[5] Because Civ.R. 60(A) expressly authorizes a trial court to correct its prior judgments and orders, we note parenthetically that the trial court need not have issued its June 2, 2006 entry nunc pro tunc. This court has recognized that the common-law power to issue nunc pro tunc orders now is embodied in Civ.R. 60(A). Leis v. Leis (Sept. 20, 1995), Miami App. No. 94 CA 54; see also Huelskamp v. Huelskamp (Sept. 23, 1994), Miami App. No. 94 CA 1 (noting that a change made pursuant to Civ.R. 60(A) is similar to a nunc pro tunc order). Consequently, for purposes of our analysis herein, we will focus on the propriety of the trial court's action under Civ.R. 60(A).
[6] While rejecting the appellant's argument that the trial court improperly used Civ.R. 60(A) to change the interest accrual date from February 2, 2005, to April 5, 2006, we express no opinion as to whether the trial court's denial of interest prior to April 5, 2006 was correct. In her first assignment of error, Brush argues only that the trial court should have awarded prejudgment interest from July 13, 2004. As set forth above, however, that issue is not properly before us because Brush did not appeal from the trial court's decision and final judgment entry denying interest from July 13, 2004. In her second assignment of error, Brush argues only that the trial court exceeded its authority and misused Civ.R. 60(A) when it changed the interest accrual date from February 2, 2005, to April 5, 2006. Based on the reasoning above, we find no merit in this argument. Absent from the appellant's second assignment of error is any argument that even if the trial court acted within its discretion in finding a clerical mistake or oversight under Civ.R. 60(A), an award of interest commencing on April 5, 2006 is simply erroneous. As a result, we have no occasion to decide whether the trial court was correct in determining that interest began to accrue on April 5, 2006, as opposed to February 5, 2005. For present purposes, we hold only that the trial court was authorized to change its prior ruling under Civ.R. 60(A).