[Cite as *In re E.B.*, 2016-Ohio-1507.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: E.B.　　　　　　　　　　　:　　　　　APPEAL NO. C-150351
　　　　　　　　　　　　　　　　　　　　　　　　TRIAL NO. 12-5064X

　　　　　　　　　　　　　　　　　　:　　　　　*O P I N I O N.*


Appeal From:　Hamilton County Juvenile Court

Judgment Appealed From Is:　Affirmed in Part, Reversed in Part, and
　　　　　　　　　　　　　　　　Cause Remanded

Date of Judgment Entry on Appeal:　April 13, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Appellee State of Ohio,


*The Office of the Ohio Public Defender* and *Charlyn Bohland*, Assistant State Public Defender, for Appellant E.B.


Please note:　this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from a three-year sentence that a juvenile received for a gun specification.  There are two issues that we must address.  The first concerns our jurisdiction to hear this case.  This appeal comes from a nunc pro tunc entry that was entered after two prior appeals in this case and long after the time to appeal the court's original judgment had expired.  A nunc  pro tunc entry dates back to the original judgment, so ordinarily an appeal filed after the appeal time has run on the original judgment would not be timely.  This case is different, though: the nunc pro tunc entry made substantive changes that impaired the defendant's rights.  Thus, we conclude that we do have jurisdiction to consider the appeal.

{¶2}     That leaves us with the merits of the appeal.  The evidence showed the juvenile, E.B., was guilty of the gun specification because he was an accomplice to the principal offender in a robbery.  But under Ohio law, a juvenile who is guilty as an accomplice only may receive a three-year specification if he furnished, used or disposed of the gun used in the crime.  Because there is no such evidence here, we reverse the sentence for the gun specification and remand the case to the trial court for resentencing.

## I. Background

{¶3}     On May 31, 2012, a cab driver was picking up a fare when a group of teenage boys rushed his cab.  One had a gun.  The cab driver sped away and called the police.  Three or four bullets hit the fleeing car.  A police investigation eventually led to E.B. and three other juveniles.  Interviewed by Officer Mike Morrissey, E.B. fessed up to taking part in the robbery, but denied firing the gun.  He pointed the finger at another

boy in the group, Boomer, as the one primarily responsible. It was Boomer, E.B. said, who had planned the crime, brought the gun and fired at the cab.

{¶4} At the adjudication hearing, defense counsel conceded E.B.'s involvement in the robbery, but argued that the firearm specification should be dismissed because there was no evidence that E.B. had possessed or brandished the gun. The magistrate adjudicated E.B. delinquent for aggravated robbery and for the specification, concluding that E.B. "had a firearm on or about [his] person or under [his] control while committing the offense and displayed, brandished, indicated possession of, or used a firearm to facilitate the offense." At the disposition hearing, the trial court sentenced E.B. to a minimum of one year for the aggravated robbery and to three years for the firearm specification. The entry put on by the court, however, flipped the sentence: it recited three years for the aggravated robbery and one year for the firearm specification.

## II. The Erroneous Sentencing Entry Spawns Multiple Appeals

{¶5} The transposed sentencing entry led to a dizzying back-and-forth between this court and the trial court as E.B. sought to challenge his three-year sentence on the gun specification. This is actually E.B.'s third appeal, but it's the first time we get to the issue that he has been trying to raise all along. Throughout, E.B. has sought to have the gun-specification sentence reduced to one year. He points out that under Ohio law, a juvenile whose culpability for a gun specification is based on his complicity with another person can only receive three years if the evidence shows he "furnished, used or disposed" of the gun. *See* R.C. 2152.17(B)(1). Thus, in his first appeal, E.B. assigned as error the court's imposition of the three-year sentence for the gun specification and his counsel's failure to object to the magistrate's decision regarding the specification. We affirmed the court's judgment because the court's entry indicated that E.B. should serve

three years for aggravated robbery and one year for the gun specification—despite the court's oral pronouncement to the contrary in court. Applying the rule "that a trial court speaks through its journal[,]" we concluded that the court had complied with the gun-specification statute. *In re E.B.*, 1st Dist. Hamilton Nos. C-120650 and C-120651 (Jun. 19, 2013) (*"E.B. I"*).

{¶6} While *E.B. I* was pending in this court, the trial court realized its error and issued a nunc pro tunc order correcting its sentencing entry to reflect that E.B. was to serve one year for the aggravated robbery and three years for the gun specification. After the nunc pro tunc order was entered, E.B. filed a motion to vacate the judgment, again arguing that the court erred when it imposed a three-year sentence for the gun specification. The trial court denied the motion, and E.B. appealed. We declined to address E.B.'s assignment of error, concluding that the court's nunc pro tunc order— and, consequently, E.B.'s motion requesting relief from that order—was a nullity because the trial court had had no jurisdiction to enter the order while the matter was on appeal. *In re E.B.*, 1st Dist. Hamilton No. C-140440 (Mar. 20, 2015) ("*E.B. II*"). *Compare State v. Stevens*, 9th Dist. Summit No. 16998, 1995 Ohio App. LEXIS 3215 (Aug. 2, 1995) (after notice of appeal was filed, a trial court had continuing jurisdiction to correct a sentencing entry to reflect what had really happened). Thus, we concluded that the original sentencing entry—the one that imposed a three-year term for aggravated robbery and a one-year term for the gun specification—remained "the valid, final judgment." *E.B. II.*

{¶7} Following our judgment entry in *E.B. II*, the trial court entered a second nunc pro tunc order, again seeking to correct the error in the original sentencing entry. In the second nunc pro tunc entry, the court stated that "the period of commitment on the Aggravated Robbery felony of the first degree should

4

reflect 12 months" and "[t]he additional commitment as it relates to the facilitation specification should reflect 36 months." It is from this nunc pro tunc order that E.B. now appeals.

### III. The Nunc Pro Tunc Order was Proper

{¶8} E.B. renews his attack on the court's imposition of a three-year prison term for the gun specification. Before addressing E.B.'s argument, we must consider whether the appeal is properly before us. The answer requires a review of the use of nunc pro tunc orders.

{¶9} An order issued "nunc pro tunc"—Latin for "now for then"—is defined as "[h]aving retroactive legal effect through a court's inherent power." *Black's Law Dictionary* 1100 (8th Ed.2004). Such order must reflect "what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995). In this case, the court trial did not modify E.B.'s original sentence. Rather, it corrected the entry so that it reflected what had actually happened during the disposition hearing—the court sentenced E.B. to one year for aggravated robbery and three years for the gun specification. That we had already affirmed the trial court's judgment announced in its earlier journal entry does not restrict the trial court's authority to correct the clerical error via a nunc pro tunc order. Crim.R. 36 provides that a court may correct its incorrect order "at any time." Thus, the court's use of the nunc pro tunc was proper. The question remains, though, can E.B. appeal from the order where it related back to the date of the original journal entry?

{¶10} Because a nunc pro tunc order is an order done "now for then," "by its very nature[, it] applies retrospectively to the judgment it corrects." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 19. "Generally, * * * a nunc pro

tunc entry of judgment or a nunc pro tunc correction of the records of a judgment is given a retrospective operation as between the parties thereto." *In re Petition for Inquiry into Certain Practices*, 150 Ohio St. 393, 83 N.E.2d 58 (1948), paragraph two of the syllabus. *See State v. Yeaples*, 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 (3d Dist.) (a nunc pro tunc "entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry"). If this were the usual case, then, we would have to dismiss E.B.'s present appeal because it was filed well beyond 30 days after the trial court's original journal entry. *See* App.R. 4(A)(1). But the unique posture of this case has landed it within the exception recognized by the Ohio Supreme Court:

> [This court] will not allow a *nunc pro tunc* entry to so operate as to extend the period within which an appeal or error proceeding may be prosecuted, unless additional rights are created or an existing right denied by such *nunc pro tunc* entry, or unless the appeal or error proceeding grows out of such *nunc pro tunc* entry, as distinguished from the original order or entry.

*Perfection Stove Co. v. Scherer*, 120 Ohio St. 445, 448-449, 166 N.E. 376 (1929).

{¶11} The Second Appellate District concluded that the exception applied in *Brush v. Hassertt*, 2d Dist. Montgomery No. 21687, 2007-Ohio-2419. In *Brush*, the plaintiff did not appeal from the court's judgment awarding her damages and postjudgment interest. But when a nunc pro tunc order corrected the trial court's judgment to reflect a later date for the start of postjudgment interest—depriving plaintiff of two months of interest—the plaintiff appealed. The appellate court determined that because the trial court's correction had changed a "matter of substance," the plaintiff's

challenge to the start-date for postjudgment interest emanated from the nunc pro tunc order. *Id.* at ¶ 10-11.

{¶12} Likewise, the second nunc pro tunc order in this case changed a "matter of substance." The trial court's order changed the length of E.B.'s gun-specification sentence from one year to three years. E.B.'s rights were substantively affected, and E.B. could not challenge the three-year sentence on the specification until the nunc pro tunc entry was entered. Thus, this is an instance where the general rule doesn't apply, and E.B. could properly appeal from the nunc pro tunc order.

{¶13} The state protests that E.B.'s appeal was barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. Thus, in *Brush*, the court concluded that the plaintiff had waived her appeal of the court's denial of prejudgment interest because she could have raised that issue in an appeal from the original entry. *Brush* at ¶ 21. Similarly, because E.B. could have challenged his adjudication for aggravated robbery in *E.B. I*, he would be barred from doing so now. But his sentence for the gun specification is a different matter. E.B. has twice tried to challenge the sentence but has been rebuffed both times. He has not had an opportunity to argue the merits of his claim, and he is not barred by res judicata from doing it now. We conclude that E.B.'s appeal of the three-year specification sentence is properly before us.

## IV. The Trial Court Erred in Imposing the Three-Year Sentence

{¶14} We turn now to the merits of E.B.'s appeal. In his first assignment of error, he argues that the court erred when it imposed the term because there was no evidence that he had "furnish[ed], use[d], or dispose[d] of the firearm" that was involved

in the robbery. E.B. did not object to the magistrate's decision, so we review for plain error. Crim.R. 52(B).

{¶15} Ohio law provides for a mandatory three-year sentence on a gun specification that is charged in the indictment if the individual committing the felony possesses a firearm and "display[s] the firearm, brandishe[s] the firearm, indicate[s] * * * possess[ion of] the firearm, or use[s] it to facilitate the offense." R.C. 2941.145(A). The three-year specification applies to a juvenile who commits an act that would be a felony if committed by an adult. R.C. 2941.145(C). For an adult, the same three-year specification applies whether one is guilty as a principal offender or as an accomplice. *See State v. Chapman*, 21 Ohio St.3d 41, 487 N.E.2d 566 (1986), syllabus. But for juveniles, the legislature has limited the situations in which one guilty as a complicitor may receive the three-year specification. A juvenile accomplice may receive no more than one year on the specification provided that the juvenile "did not furnish, use or dispose of any firearm that was involved with the underlying delinquent act." R.C. 2152.17(B)(1).

{¶16} Thus, there are two ways that E.B. could have been sentenced to a three-year gun-specification sentence: (1) as the principal offender, if he had "displayed, brandished, indicated possession of, or used a firearm to facilitate the offense" or (2) as a complicitor, if he had "furnished, used or disposed of" the gun used by the principal. R.C. 2152.17.

{¶17} Here, the magistrate determined that E.B. had "displayed, brandished, indicated possession of, or used a firearm to facilitate the offense." But the evidence didn't support the determination. In his statement to the police investigators, E.B. was unequivocal that Boomer had brought the gun and had fired it at the cab. His statement was not challenged at the adjudication hearing. Officer Morrissey testified that his

investigation led to the conclusion that it was Boomer who had brandished the gun and fired it during the robbery.

{¶18}   Because the evidence didn't support the magistrate's determination, E.B. could be guilty of the gun specification only as Boomer's accomplice.  And under R.C. 2152.17(B)(1), he could be sentenced to more than one year only if he "used, furnished or disposed" of the gun.  The state argues that E.B. furnished the gun because he was given the gun prior to the robbery and "held onto it until just before the robbery occurred." The state points to E.B.'s response to Officer Morrissey:

Officer Morrissey:  So you were passing the gun around, checking it out.

Did you check to see if it was loaded?  Was it loaded?

E.B.:  Uh-huh.

{¶19}   Even if E.B. did hold the gun prior to the robbery and check to see if it was loaded, his statements are not sufficient to demonstrate that he furnished the gun. "Furnished" means "to provide with what is needed" or to "supply, give."  Merriam-Webster Online, available at http://www.merriam-webster.com/dictionary/furnish (accessed March 8, 2016).  Holding a gun and passing it back to the person who had brought it is not the same as providing or supplying the gun in the first place. Accordingly, the trial court could sentence him to no more than one year on the specification.  *See* R.C. 2152.17(B)(1).  The court plainly erred when it sentenced him to three years.  The first assignment of error is sustained.

{¶20}   Our disposition of the first assignment of error renders moot E.B.'s second assignment of error, in which he asserts that his counsel was ineffective for failing to object to the magistrate's decision, and we decline to address it.

## V. Conclusion

{¶21}   The trial court's second nunc pro tunc entry properly journalized E.B.'s sentence of one year for aggravated robbery and three years for the gun specification. The three-year sentence for the gun specification was error.  We therefore reverse the judgment of the trial court as to the gun-specification sentence and remand the case so that the court can resentence E.B. for the gun specification only.  In all other respects, the judgment of the court is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HENDON, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.