[Cite as *In re J.R.*, 2020-Ohio-761.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

IN THE MATTER OF:

J.R., DELINQUENT CHILD

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0017**

---

Civil Appeal from the
Court of Common Pleas, Juvenile Division, of Columbiana County, Ohio
Case No. J2002-0216-20

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor, and *K. Bret Apple*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Abigail Christopher,* Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant- Appellant.

Dated:  February 26, 2020

**D'APOLITO, J.**

{¶1}    Appellant, J.R., Delinquent Child, appeals from the April 10, 2019 judgment of the Columbiana County Court of Common Pleas, Juvenile Division, adopting a magistrate's decision and ordering him to serve a three-year mandatory commitment to the Department of Youth Services ("DYS") for R.C. 2941.145 accompanying firearm specifications involving two counts of complicity to commit aggravated robbery.  On appeal, Appellant asserts the three-year sentence is contrary to law.  Finding no plain error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On January 16, 2019, two juvenile delinquent offender complaints were filed against Appellant in Stark County, Ohio.[1]  The complaints alleged that Appellant was involved in two counts of complicity to commit aggravated robbery in Stark County between December 2 and 4, 2018.  Both counts constituted felonies of the first degree, in violation of R.C. 2911.01(A)(1), with accompanying firearm specifications in violation of R.C. 2941.145.  Appellant initially entered a not true plea at his arraignment.[2]

{¶3}    On March 29, 2019, Appellant withdrew his plea and entered an oral and written plea of true to both counts as charged in the complaints.  The Stark County magistrate issued a decision that same date, recommending that removal was in Appellant's best interest and that the matter should be transferred to Columbiana County for disposition.  No objections were filed.  The Stark County Juvenile Court adopted the magistrate's decision, accepted Appellant's plea, and transferred the case to Columbiana County.

{¶4}    A disposition hearing was held on April 9, 2019.  The Columbiana County magistrate issued a decision the next day, indicating that Appellant was adjudicated a delinquent child for committing two acts which, if committed by an adult, would constitute

---

[1] Appellant, d.o.b. 11/7/2001, is a resident of Columbiana County, Ohio.

[2] Appellant was in the custody of Columbiana County and was being held on unrelated charges. He was appointed counsel.

complicity to commit aggravated robbery, felonies of the first degree, with accompanying R.C. 2941.145 firearm specifications. No objections were filed. The Columbiana County Juvenile Court adopted the magistrate's decision and ordered that Appellant serve a three-year mandatory commitment to DYS for the firearm specifications.

{¶5} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE COLUMBIANA COUNTY JUVENILE COURT VIOLATED J.R.'S RIGHT TO DUE PROCESS WHEN IT IMPOSED A CONTRARY TO LAW AND VOID DISPOSITION BY ORDERING A COMMITMENT TO DYS FOR A GUN SPECIFICATION WHEN J.R. HAD NOT BEEN ADJUDICATED DELINQUENT OF A GUN SPECIFICATION IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION; R.C. 2952.17(A)(2).**

{¶6} In his sole assignment of error, Appellant argues that the Columbiana County Juvenile Court erred in adopting the magistrate's April 10, 2019 decision and imposing a mandatory three-year sentence on the firearm specifications as charged in the January 16, 2019 Stark County complaints. As stated, Appellant did not file objections to either the Stark County magistrate's March 29, 2019 decision or to the Columbiana County magistrate's April 10, 2019 decision.

> (iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

Juv.R. 40(D)(3)(b)(iv).

**{¶7}** Even if Appellant had preserved his alleged error for review, his argument is not persuasive and neither juvenile court plainly erred.

Ohio law provides for a mandatory three-year sentence on a gun specification that is charged in the indictment if the individual committing the felony possesses a firearm and "display(s) the firearm, brandishe(s) the firearm, indicate(s) (* * *) possess(ion of) the firearm, or use(s) it to facilitate the offense." R.C. 2941.145(A). The three-year specification applies to a juvenile who commits an act that would be a felony if committed by an adult. R.C. 2941.145(C). For an adult, the same three-year specification applies whether one is guilty as a principal offender or as an accomplice. *See State v. Chapman*, 21 Ohio St.3d 41, 487 N.E.2d 566 (1986), syllabus. But for juveniles, the legislature has limited the situations in which one guilty as a complicitor may receive the three-year specification. A juvenile accomplice may receive no more than one year on the specification provided that the juvenile "did not furnish, use or dispose of any firearm that was involved with the underlying delinquent act." R.C. 2152.17(B)(1).

Thus, there are two ways that [Appellant] could have been sentenced to a three year gun-specification sentence: (1) as the principal offender, if he had "displayed, brandished, indicated possession of, or used a firearm to facilitate the offense" or (2) as a complicitor, if he had "furnished, used or disposed of" the gun used by the principal. R.C. 2152.17.

*In re E.B.*, 1st Dist. Hamilton No. C-150351, 2016-Ohio-1507, ¶ 15-16.

**{¶8}** Appellant incorrectly posits that no firearm specifications were specifically alleged. In fact, both January 16, 2019 Stark County complaints cited to R.C. 2911.01(A)(1), listed the factual backgrounds involving each charge, and included accompanying firearm specifications, specifically stating:

The affiant further finds and specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing

the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. (2941.145)

(1/16/2019 Stark County Complaints, p.1).

{¶9} Appellant also incorrectly posits that the Stark County Juvenile Court did not comply with Juv.R. 29. Appellant stresses that the court failed to personally address him and failed to determine that his true plea was made in an understanding and voluntary manner. The record before us does not support Appellant's assertions.

{¶10} Juv.R. 29, "Adjudicatory hearing," states in part:

(C) Entry of Admission or Denial. The court shall request each party against whom allegations are being made in the complaint to admit or deny the allegations. * * *

(D) Initial Procedure Upon Entry of an Admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.

* * *

(F) Procedure Upon Determination of the Issues. Upon the determination of the issues, the court shall do one of the following:

Case No. 19 CO 0017

\* \* \*

(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:

(a) Enter an adjudication and proceed forthwith to disposition[.]

Juv.R. 29(C), (D), and (F).

{¶11} In the March 29, 2019 written "Plea of True Juv. Rule 29(D)" in Stark County, Appellant acknowledged the following: his attorney and the court advised him of the two crimes as charged in the complaints and the penalties provided by law; he was advised that a true plea would result in a delinquency finding; he was advised of his Constitutional rights and indicated that he understood the consequences of his waiver; and a few lines before his signature, Appellant acknowledged that "I have complete confidence in my lawyer and acknowledge that he/she has effectively and diligently represented me. It is solely my own choice to enter a Plea of True with full knowledge of the other alternatives available to me." (3/29/2019 Stark County Written Plea, p. 3).

{¶12} In addition, at the March 29, 2019 change of plea/adjudication hearing in Stark County, the magistrate discussed both complaints with Appellant. The magistrate indicated that then 17-year-old Appellant did aid and abet two co-defendants, knowingly committed theft offenses in which "two firearms were brandished," and demanded money from two victims at "gun point." (3/29/2019 Stark County Change of Plea/Adjudication Hearing, p. 4-6). The magistrate asked Appellant if that was true and Appellant responded, "Yes Sir." (*Id.* at 6). The magistrate further asked Appellant if he understood that the commitment to DYS in each of these cases could last until he is 21 years old. Appellant replied, "Yes Sir." (*Id.* at 7).

{¶13} The Stark County magistrate issued a decision on March 29, 2019. The magistrate referenced both complaint charges, indicated that Appellant was represented by counsel, and that "removal is in the best interest of the child [because] [t]he child is a threat to himself." (3/29/2019 Stark County Magistrate's Decision). The magistrate recommended transferring the matter to Columbiana County for disposition. (*Id.*)

{¶14} Appellant did not file an objection to the magistrate's decision.

{¶15} The Stark County Juvenile Court adjudicated Appellant delinquent on both counts as alleged in the January 16, 2019 complaints (i.e., the complaints charged Appellant with two counts of complicity to commit aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1), with accompanying firearm specifications in violation of R.C. 2941.145). (3/29/2019 Stark County Judgment Entry). The court noted that the "parties hereto were served with a copy of the Decision of the Magistrate [and] [t]he parties were further advised of their right to object to the same pursuant to Juvenile Rule 40[D](3)." (*Id.*) The court further noted that "[t]he parties having no objection timely filed herein; this Decision is to have immediate effect." (*Id.*) Thus, the court approved and adopted the magistrate's decision and transferred the case to Columbiana County for disposition. (*Id.*)

{¶16} The record before us does not reveal that the Stark County Juvenile Court committed plain error. At the change of plea/adjudication hearing in Stark County, the magistrate informed Appellant of the substance of the complaints in compliance with Juv.R. 29. *See* Juv.R. 29(B)(2) ("At the beginning of the hearing, the court shall * * * [i]nform the parties of the substance of the complaint[.]") Appellant's acknowledgment, as evidenced from the written plea, and his admission, as evidenced from the foregoing colloquy at the change of plea/adjudication hearing, appear to have been made in an understanding and voluntary manner. *See* Juv.R. 29(D)(1) and (2). The Stark County Juvenile Court adjudicated Appellant delinquent on both charges as alleged in the complaints and transferred the case to Columbiana County for disposition. *See* Juv.R. 29(F)(2)(a).

{¶17} At the April 9, 2019 disposition hearing in Columbiana County, the magistrate stated the following:

THE COURT: * * * I also have to disagree with [Appellant's counsel] * * * that [Appellant] did not possess nor point a gun. He in fact did possess and did in fact point what he indicated to be at least a firearm. * * * I know that there is a firearm specification * * * and he has been adjudicated of that Complaint that contains the firearm specification. The reports and the to-wit clauses specifically states that he held each of these deliver[y] drivers

at gun point.  That [Appellant] specifically did that as to each one of those counts of complicity to aggravated robbery * * *.  * * *

* * *

[Appellant] was charged * * * with two separate complaints each alleging that he committed two aggravated robberies * * * in violation of O.R.C. 2911.01(A)(1) each being a felony of the first degree if committed by an adult.  Included in each of those complaints was a gun specification of the type set forth in Ohio Revised Code section 2941.145.

The first of those complaints specifically stated, in pertinent part, that on December 2nd, 2018 [Appellant] and his accomplice * * * approached * * * Papa Johns delivery drive[r] name[d] Brady Gibson, each brandished a firearm or what they purported to be a firearm and demanded money from Gibson at gun point.  The second of those complaints specifically states, in pertinent part that on December 4th, 2018 [Appellant] and his accomplice approached a Panda Garden deliver[y] driver name[d] Fred Korosy at gun point and order[ed] Korosy to drop the food.  * * * [Appellant] pulled a gun during both of these aggravated robbery offenses or at least what he purported to be a gun.  * * * [T]his Court determines that [Appellant] was adjudicated a delinquent child for committing an act or acts other th[a]n a violation of Ohio Revised Code 2923.12 that would be felonies if committed by an adult.  The Court determines further that if [Appellant] was an adult he would be guilty of a specification of the type set forth in O.R.C. 2941.145.  Therefore, * * * the Court is required to and hereby does commit [Appellant] to the legal custody of [DYS] for the purposes of institutionalization for a definite period of three years for the specification * * * of the type set forth in O.R.C. 2941.145.  Additionally, [Appellant] having been adjudicated of two counts of complicity to aggravated robbery * * * in violation of O.R.C. 2911.01(A)(1) and 2923.03, the Court hereby places [Appellant] in the legal custody of [DYS] for the purposes [of] institutionalization for * * * an

indefinite minimum term of one to three years but a maximum term that is not to exceed [Appellant's] attainment of the age of 21 and that is pursuant to O.R.C. 2152.16(A)(1)(c). The Court finds * * * [this] placement in the legal custody of [DYS] to be in the best interest of [Appellant]. Again the Court finds that reasonable efforts were made to prevent or eliminate the need for placement and/or to make it possible for [Appellant] to remain or return to his home but to allow him to do so would be contrary to his best interest and welfare. * * *

(4/9/2019 Columbiana County Disposition Hearing, p. 9-15).

{¶18} The Columbiana County magistrate issued a decision the next day. The magistrate stated the following:

[T]he minor was adjudicated in the Stark County Ohio Family Court a delinquent child as defined in ORC 2152.02(E)(1), in two counts, for having committed acts, as to each count, which if committed by an adult would constitute the offenses of Complicity to Commit Aggravated Robbery, in violation of ORC 2911.01(A)(1) and ORC 2923.03, felonies of the first degree. Included in each of those counts was a specification of the type found in ORC 2941.145.

* * *

Based upon this Court's review of the file transferred from the Stark County Ohio Family Court, including but not limited to the complaints and police reports, the Court determines that the minor was adjudicated a delinquent child * * * [and] further determines that, if the child was an adult, the child would be guilty of a specification of the type set forth in section 2941.145 of the Ohio Revised Code.

Therefore, * * * the Court shall and hereby does commit the minor * * * to the legal custody of [DYS] for the purposes of institutionalization for a

Case No. 19 CO 0017

definite period of three (3) years on the firearm specification of the type found in ORC 2941.145.

(4/10/2019 Columbiana County Magistrate's Decision, p. 1, 4-5).

**{¶19}** Appellant did not file an objection to the magistrate's decision.

**{¶20}** The Columbiana County Juvenile Court adopted the magistrate's decision and ordered that Appellant serve a three-year mandatory commitment to DYS for the firearm specifications as alleged in the January 16, 2019 complaints. (4/10/2019 Columbiana County Judgment Entry).

**{¶21}** Based on the facts presented, the record supports the Columbiana County magistrate's determination that Appellant was adjudicated a delinquent child for committing two acts which, if committed by an adult, would constitute complicity to commit aggravated robbery, felonies of the first degree, with accompanying R.C. 2941.145 firearm specifications, as set forth in the January 16, 2019 complaints. Appellant even acknowledged and admitted, as evidenced from his true plea in Stark County, that firearms were used in the commission of the theft offenses. Accordingly, the Columbiana County Juvenile Court did not commit plain error in adopting the magistrate's April 10, 2019 decision and ordering that Appellant serve a three-year mandatory commitment to DYS for the firearm specifications as alleged in the complaints.

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Columbiana County Court of Common Pleas, Juvenile Division, is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 CO 0017

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**